IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MONTWAIN CARTER, individual and on behalf of all other similarly situated<br><br>    Plaintiff,<br><br>v<br><br>HEALTH INSURANCE KING AGENCY, LLC<br><br>    Defendant. | NO. 3:25-cv-00005-SHL-WPK |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

## I.    INTRODUCTION

Plaintiff has sued the wrong defendant. Health Insurance King did not make the calls that Plaintiff alleges it made. In fact, it could not have made the calls because it does not own or otherwise have access to the phone numbers from which Plaintiff alleges the calls were made. There is no record of such calls in Health Insurance King's database. Health Insurance King does not make the type of outbound calls to non-customers alleged by Plaintiff. Further, there is no record of Plaintiff ever being a customer of Health Insurance King.

No employee of Health Insurance King could have made the calls alleged by Plaintiff from Health Insurance King's system. There is no reason to believe a Health Insurance King employee made such a call outside of the system. Even if any employee had done so, it would have been unauthorized and against the Health Insurance King policies. Plaintiff has not alleged any other vicarious liability allegations against

Health Insurance King that is sufficient to establish personal jurisdiction.

The only basis for personal jurisdiction asserted by Plaintiff is that Defendant Health Insurance King, LLC made the calls alleged by Plaintiff. Because Health Insurance King disputes those allegations and Plaintiff has not and cannot establish its prima facia burden on personal jurisdiction, the suit against Health Insurance King should be dismissed.

## II.   FACTUAL BACKGROUND

Health Insurance King is a Texas entity with its principal place of business in Texas. (Subia Decl. Ex. A ¶ 2.) It has never registered to do business in Iowa, nor consented to be sued in Iowa. (*Id.*)

The sole basis on which liability and personal jurisdiction are asserted against Defendant Health Insurance King is that one of its employees allegedly made three phone calls to Plaintiff's phone number despite the number being on a Do Not Call list. (Compl. ¶¶ 7, 9, 27-34.)

But the calls alleged by Plaintiff were not made by Health Insurance King. (Subia Decl. Ex. A ¶ 3.) In fact, it is not even possible for Health Insurance King to have made the calls because the numbers alleged by Plaintiff are not owned by or otherwise available to Health Insurance King to make phone calls. (*Id.* ¶ 4.)

There is no record in Health Insurance King's database of any calls made to a 563 area code on the dates alleged by Plaintiff. If Health Insurance King had made the phone calls, the database of calls would indicate outbound calls to the 563 area code. (*Id.* ¶ 5.) Furthermore, Health Insurance King does not even make outbound calls to non-

customers and Plaintiff has never been a customer of Health Insurance King. (*Id.* ¶ 6-7.)

In addition, the individual named Timothy Reese who is employed by Health Insurance King could not have made any of the calls Plaintiff attributes to him. (Subia Decl. Ex. A ¶ 8.) Indeed, it would make no sense for him to have made such a call to Plaintiff outside of Health Insurance King's system. (*Id.* ¶ 9.) Moreover, any such call by Mr. Reese—assuming it was made – would not have been authorized by Health Insurance King and is the type of call Health Insurance King prohibits its employees from making. (*Id.* ¶ 10.) Plaintiff has not sufficiently alleged any facts supporting personal jurisdiction over Health Insurance King based on vicarious liability for the actions of any unnamed parties that might have made the calls.

### III.    ARGUMENTS AND AUTHORITIES

To support personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state where the district court sits. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004). But when personal jurisdiction has been controverted or denied by a motion to dismiss, the plaintiff has the burden to prove the facts supporting jurisdiction. *Id.*

The plaintiff must make a prima facie showing that (1) the complaint alleges sufficient non-conclusory facts on which personal jurisdiction against a defendant can rest; and (2) evidence—through affidavits and exhibits—supporting those facts. *Id.*; *High Plains Const., Inc. v. Gay*, 831 F. Supp. 2d 1089, 1094–95 (S.D. Iowa 2011). While any

factual conflicts supported by evidence are resolved in favor of the plaintiff, the plaintiff has the burden to present pleadings and evidence to reach that point. *Id.*; *Shine Bros. Corp. v. Am. Intern. Group, Inc.*, 108 F. Supp. 3d 651, 658–59 (N.D. Iowa 2015).

In this case, the sole basis on which Plaintiff alleges personal jurisdiction is that Health Insurance King made calls to Plaintiff's Iowa phone number. But Health Insurance King did not make the alleged calls and could not have made the calls from the phone numbers alleged by Plaintiff. Further, there is no factual basis to attribute the actions of whoever made the calls to Health Insurance King.

## A. This Court has no general personal jurisdiction over Health Insurance King

A court has general personal jurisdiction over a defendant for a claim in a state—regardless of whether the facts associated with the claim are connected to the state—in a state in which an entity is incorporated or has its principal place of business. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 137–40 (2023). General jurisdiction can also exist if an entity has consented to be sued in a state for any particular claim. *Id.*

But none of those bases for general jurisdiction are present in this case. Health Insurance King is a Texas entity with its principal place of business in Texas. (Subia Decl. Ex. A ¶ 2.) It has never consented to be sued in Iowa. (*Id.*) Moreover, Plaintiff's complaint does not even allege that this Court has general jurisdiction in its complaint. (Compl. ¶ 9.) Therefore, there is no basis for general personal jurisdiction over Health Insurance King.

**Page 4**

**B. This Court has no specific personal jurisdiction over Health Insurance King.**

A Court has specific personal jurisdiction over a defendant if the defendant has purposely directed legally sufficient activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102–03 (8th Cir. 1996). Ordinarily, a handful of phone calls or messages placed to a state will not be sufficient for specific personal jurisdiction. *Id.*

Many federal courts have held that such minimal contacts are sufficient when involving TCPA claims like the one asserted by Plaintiff. *See, e.g., Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 645 (N.D. Ill. 2017) (phone calls); *Northrup v. Innovative Health Ins. Partners*, LLC, No. 8:17-CV-1890-T-36JSS, 2018 WL 1726436, at *2–3 (M.D. Fla. Apr. 10, 2018) (text messages). However, central to such decisions is that those defendants could not deny that they had made the calls or sent the messages. *See, e.g. Luna v. Shac*, LLC, No. C14-00607 HRL, 2014 WL 3421514, at *3–4 (N.D. Cal. July 14, 2014) (collecting similar cases).

But a different result is appropriate when a defendant has contested making calls or sending messages and (if applicable any conduct attributing similar actions by others to them). For example, a Texas federal court dismissed an entity defendant named WMI based on lack of personal jurisdiction because WMI denied making or authorizing the calls on which the plaintiff's TCPA claims were based. *Callier v. Wide Merch. Inv., Inc.*, 671 F. Supp. 3d 736, 743 and 747 (W.D. Tex. 2023). In that case, the calls had been made by an entity named Synergy with which WMI had an independent contractor relationship. *Id.* at 744.

As a result, the plaintiff attempted to establish personal jurisdiction over WMI based on an agency relationship. *Id.* at 744-47. But this effort failed because the plaintiff had neither alleged facts nor provided evidence sufficient to conclude that the conduct of Synergy could be attributed to WMI based on an agency relationship. *Id.*

A similar decision dismissing TCPA defendants based on personal jurisdiction was made by a federal court in North Carolina. *Cunningham v. Autoguard Advantage Corp.*, No. 323CV00238FDWSCR, 2024 WL 818381, at *7 (W.D.N.C. Feb. 27, 2024). In *Cunningham*, the plaintiff tried to establish personal jurisdiction over three other entities for calls placed by a fourth one named AAP based on asserted vicarious/agency liability. *Id.* There was some connection between two of the entities and AAP because they were identified on a car warranty policy sold by AAP. *Id.* But those other entities had denied making the calls or authorizing them and the plaintiff had not alleged or proved sufficient facts to attribute AAP's conduct to them. *Id.*

Other federal courts have reached similar decisions. *Moore v. Charter Communications, Inc.*, 523 F. Supp. 3d 1046, 1051–53 (N.D. Ill. 2020); *Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-CV-00437, 2020 WL 14028040, at *5 (M.D. Pa. June 23, 2020), *report and recommendation adopted sub nom. Kline v. Advanced Ins. Underwriters, LLC*, No. 1:19-CV-00437, 2020 WL 14028041 (M.D. Pa. July 10, 2020).

While these decisions are not binding on this Court, they should be persuasive. They provided substantial and reasonable justifications for their decisions and federal court decisions relating to personal jurisdiction in TCPA cases have tended to be consistent across jurisdictions.

The logic in these decisions, when applied to the facts in this case, demonstrate that there is no specific personal jurisdiction over Health Insurance King. Health Insurance King did not make any of the calls alleged by Plaintiff. (Subia Decl. Ex. A ¶ 3.)

In fact, it is not even possible for Health Insurance King to have made the calls because the numbers alleged by Plaintiff are not owned by or otherwise available to Health Insurance King to make phone calls. (*Id.* ¶ 4.) Notably, Plaintiff does not detail the facts which supposedly led him to conclude the phone numbers belong to Health Insurance King. He asserts in conclusory fashion that the phone numbers were "later confirmed to be telephone numbers owned by the Defendant." (Compl. ¶ 34.) But it is not clear what information, if any, led Plaintiff to that conclusion. And the assertion cannot be true.

Moreover, there is no record in Health Insurance King's database of any calls made to a 563 area code on the dates alleged by Plaintiff, which there would be if Health Insurance King had placed the calls. (*Id.* ¶ 5.) Furthermore, Health Insurance King does not even make outbound calls to non-customers and Plaintiff has never been a customer of Health Insurance King. (*Id.* ¶ 6-7.)

In addition, the individual named Timothy Reese who is employed by Health Insurance King to make such a call to Plaintiff could not have made any of the calls Plaintiff attributes to him. (Subia Decl. Ex. A ¶ 8.) Indeed, it would make no sense for him to have made such a claim to Plaintiff outside the system. (*Id.* ¶ 9.) Moreover, any such call by Mr. Reese—assuming it has made would not have been authorized by Health Insurance King and is the type of call Health Insurance King prohibits its employees from making. (*Id.* ¶ 10.)

Perhaps Plaintiff is mistaken about the name of the person that made the call(s) to him. Or the calls were made by a different Timothy Reese. But none of the calls were made by the Timothy Reese employed by Health Insurance King, Health Insurance King's system is set up to prevent such calls from being made by its employees, and the calls would not have been authorized or otherwise attributable to Health Insurance King even if they had been made by one of its employees.

As for any vicarious/agency basis alleged against Health Insurance King, there is none other than that alleged in connection with Mr. Reese. The closest Plaintiff comes to such allegations is a vague assertion in his class action allegations. Plaintiff vaguely suggests that Heath Insurance King might be "vicariously liable for calls placed by telemarketing venders, if any." (Compl. ¶ 57.) But this is hardly sufficient to support personal jurisdiction. Plaintiff does not state who these telemarketing vendors might be or allege any facts that could make Health Insurance King vicariously liable for their conduct. It is precisely the type of conclusory assertions that federal courts have rejected as sufficient to support personal jurisdiction.

## IV.    CONCLUSION AND PRAYER

Based on the evidence and argument detailed above, there is no basis for personal jurisdiction over Defendant Health Insurance King. Therefore, Health Insurance King requests that this Court dismiss the lawsuit against it.

Respectfully submitted,

**SPENCER FANE LLP**

By: _/s/ Tara E. Holterhaus_
Tara E. Holterhaus, AT0013780
Spencer Fane LLP
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Phone: (402) 501-6770
Email:
tholterhaus@spencerfane.com
**ATTORNEYS FOR
DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that he caused the foregoing to be served upon all counsel of record via electronic case filing procedures on February 25, 2025:

_/s/ Tara E. Holterhaus_