IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **MONTWAIN CARTER**, individual and on behalf of all other similarly situated<br><br>Plaintiff,<br><br>v<br><br>**HEALTH INSURANCE KING AGENCY, LLC**<br><br>Defendant. | NO. 3:25-cv-00005-SHL-WPK<br><br>**DECLARATION OF YGNACIO SUBIA** |

1.     My name is Ygnacio Subia. I am over the age of 18 and am capable of making the following declaration. I am a supervisor for Health Insurance King, LLC and it is my status as supervisor that gives me the personal knowledge of the facts in this declaration.

2.     Health Insurance King is a health insurance agency. It is a Texas limited liability company with its principal place of business in Mansfield, Texas. It has never consented to being sued in Iowa.

3.     Neither Health Insurance King nor any of its employees made phone calls to Montwain Carter on November 25, November 26, or December 2, 2024.

4.     It is not possible for those phone calls to originate from Health Insurance King. None of the phone numbers identified by Mr. Carter's lawsuit—563-888-1294, 563-888-1567, or 563-888-8621—are phone numbers owned by or otherwise available to Health Insurance King for making phone calls. In fact, Health Insurance King does not own and has not been assigned any phone numbers with a 563 area code.

5. Also, there is no record in Health Insurance King's CRM (Customer Relations Management) database of any call between any Health Insurance King employee and a phone number with a 563 area code on November 25, November 26, or December 2. The database is designed to log any such call, whether it is outgoing or ingoing. If there had been such a call between Health Insurance King employees and Mr. Carter, it would be reflected in the database.

6. In addition, the calls alleged by Mr. Montwain could not have come from Health Insurance King because Health Insurance King does not initiate outgoing calls to non-customers. A substantial majority of Health Insurance King phone traffic are inbound calls. The minority of outbound calls are limited to calls made to current customers or customers that cancelled their products in the last 30 days.

7. Mr. Carter does not fit either category because he is not in Health Insurance King's CRM database and he would necessarily be in that database if he fit one of those categories. And he would have to be in the CRM database for a Health Insurance King employee to have his phone number to make an outbound call to him.

8. There is an individual named Timothy Reese—who Mr. Carter alleges made a call to him—employed by Health Insurance King. But the Timothy Reese associated with Health Insurance could not have placed any of the calls alleged by Mr. Carter from the Health Insurance King system for the reasons I have explained.

9. There is no reason for Mr. Reese to have placed a call to Mr. Carter from outside the Health Insurance King system. But even assuming he—or someone else claiming to be him—did so, they were not authorized to do so by Health Insurance King. Health Insurance King

prohibits its employees from making calls to customers outside of its system. Health Insurance King also prohibits its employees from making outbound calls to anyone that is not a customer or recently cancelled customer because only those groups have consented to Health Insurance King's calls.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct. Executed on February 25, 2025 in Mansfield, Texas.

_____
Ygnacio Subia