**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONTWAIN CARTER, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 3:25-cv-00005-SHL-WPK |
| Plaintiff, | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| HEALTH INSURANCE KING AGENCY, LLC | : : : | |
| Defendant. | : : | |

**MOTION AND BRIEF IN SUPPORT OF MOTION**
**TO COMPEL HEALTH INSURANCE KING AGENCY, LLC**
**TO PROVIDE DISCOVERY RESPONSES**
**<u>AND FOR EXTENSION</u>**

**INTRODUCTION**

Defendant Health Insurance King Agency, LLC has file a motion to dismiss wherein it contends that the Plaintiff has inadequately pled a case for his claims against the Defendant Health Insurance King Agency, LLC, despite Mr. Carter's own declaration and telephone records establishing that (1) he received a telephone call from Health Insurance King ("HIK"), not the other way around, and (2) that he spoke to a HIK representative on the call. Plaintiff has propounded discovery on HIK to ascertain the basis for why it claims not to have called Mr. Carter and further understand why Mr. Carter spoke to an HIK representative on the call. Defendant's discovery responses insinuate that a third party may have been somehow involved, but refuse to name that party or even disclose if a third party was involved. As a result, Plaintiff moves to compel responses to certain Requests for Production and Interrogatories to ascertain if third parties were involved in the placement of the calls at issue. Because the Plaintiff may desire to add any third parties that are subsequently identified (if any) the Plaintiff respectfully requests a corresponding extension of the case management deadlines to add any third parties to a Second Amended Complaint.

**BACKGROUND AND MEET AND CONFER EFFORTS**

Due to the *en masse* nature of telemarketing, the Plaintiff has filed this matter on behalf of the following putative class:

**National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

In order to ascertain who all the Plaintiff spoke with and the nature of the calls, including

whether the calls were placed to or by Mr. Carter and other members of the class, the Plaintiff

propounded the following requests, which the Defendant has responded to as follows:

**INTERROGATORY NO. 2.** Identify all employees or vendors involved in making
outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not
limited to, (a) third parties that you contract with who make telemarketing calls to generate leads
(b) the dialing system platform or provider used to make calls (c) where the phone numbers to
make the calls is obtained.

**Objections:** To the extent this interrogatory seeks information about "vendors" who are
companies or individuals that are somehow involved in making or generating calls for
Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts
indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an
employee of Defendant called Plaintiff directly. The only purpose of information about vendors
would be to assert claims in addition to those made in this suit or to alter the factual allegations
already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded
claims, not to uncover information that might be used to assert new claims against Defendant or
(potentially) other parties. Defendant will not provide any information about vendors in response
to this interrogatory.

**Answer:** Health Insurance King has never had any campaign to make outbound calls to
Plaintiff or any other potential customers. The only outbound calls made by Health Insurance
King employees are to individuals who have given permission to Health Insurance King for such
calls and to which the TCPA would not apply. Thus, there are no employee names responsive to
this interrogatory.

**INTERROGATORY NO. 4.** Identify all third parties or sub-vendors used by your
vendors to for you as part of your relationship with any vendor identified in response to
Interrogatory No. 2.

**Objections:** To the extent this interrogatory seeks information about sub-vendors or third
parties who are companies or individuals that are somehow involved in making or generating
calls for Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged
any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges
that an employee of Defendant called Plaintiff directly. The only purpose of information about
vendors would be to assert claims in addition to those made in this suit or to alter the factual
allegations already asserted in this suit. The purpose of discovery is to obtain evidence for
currently pleaded claims, not to uncover information that might be used to assert new claims
against Defendant or (potentially) other parties.

**Answer:** Based on the foregoing objection, Defendant will not answer this interrogatory.

**INTERROGATORY NO. 5.** Identify each of the individuals that spoke with Plaintiff
from your company or any of its vendors.

**Objections:** To the extent this interrogatory seeks information about "vendors" who are
companies or individuals that are somehow involved in making or generating calls for
Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts

indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties. Defendant will not provide any information about vendors in response to this interrogatory.

**Answer:** Employees of Health Insurance King that spoke with Plaintiff are Timothy Reese and Lynette Gibson.

**INTERROGATORY NO. 8.** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**Objections:** Defendant objects to this interrogatory as vague because "regarding this lawsuit" does not adequately specify the information sought. Defendant further objects to this interrogatory as seeking irrelevant information. Information about Defendant's discussions with third parties about this lawsuit, if any, would not make any material fact at issue in this case more or less likely. Defendant further objects to this request as overbroad and not proportional to the needs of the case. To the extent that any of the communications about which Plaintiff inquires on a particular subject matter might be relevant, those communications do not justify broader discovery about all such communications, especially given the considerations detailed on Rule 26(b)(1).

**Answer:** Based on the foregoing objections, Defendant will not answer this interrogatory.

**INTERROGATORY NO. 9.** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**Objections:** To the extent this interrogatory seeks information about "vendors" who are companies or individuals that are somehow involved in making or generating calls for Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties. Defendant will not provide any information about vendors in response to this interrogatory.

**Answer:** No systems, platforms, or equipment were used by employees of Health Insurance King to contact Plaintiff. All calls between such employees and Plaintiff were inbound calls.

**REQUEST [FOR PRODUCTION] NO. 4.** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**Objections:** Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for

Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.

    **Response:** Based on the foregoing objection, Defendant will not respond to this request.

    **REQUEST NO. 6.** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

    **Objections:** Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.

    **Response:** Based on the foregoing objection, Defendant will not respond to this request.

    **REQUEST NO. 9.** All communications with any third party that dialed the calls to the Plaintiff.

    **Objections:** Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.

    **Response:** Based on the foregoing objection, Defendant will not respond to this request.

    The parties exchanged numerous meet and confer emails regarding these requests and others, which included a telephone call, as well as follow-up emails. The parties are at an impasse with the above requests. As the responses and meet and confer communications make clear, the Defendants believe that alleged inconsistencies in the factual allegations in the Complaint, based on the best information known to the Plaintiff, justify refusal to respond to discovery that would uncover whether any vendors or other third parties were used to place the calls at issue. Indeed, such entities (if any exist) should have been identified in the Defendant's

Rule 26(a)(1) disclosures, but were not. This Court should compel the requested discovery

responses and amend the deadline to add parties until a reasonable time after such disclosures are

made.

### STANDARD

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure

broadened the scope of discovery to include "any nonprivileged matter that is relevant to any

party's claim or defense. . . . Information within this scope need not be admissible in evidence to

be discoverable." FED. R. CIV. P. 26(b)(1). The party resisting discovery must specifically detail

the reasons why each request is irrelevant or otherwise objectionable, and may not rely on

boilerplate, generalized, conclusory, or speculative arguments. *St. Paul Reinsurance Co. v. Com.

Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000).

With particular respect to seeking discovery which may uncover additional parties

responsible for the conduct alleged, courts in the Eighth Circuit have compelled production of

information in the possession of the defendant when such individuals may be added as additional

parties to the litigation. *See, e.g.*, *Kennedy v. ITV Direct*, Inc., No. CV 08-6244 (ADM/JSM),

2009 WL 10678523, at *3 (D. Minn. Jan. 8, 2009) ("The information sought by plaintiffs is

necessary for plaintiffs to identify who should and should not be a party to this action."); *Schaadt

v. St. Jude Med. S.C., Inc.*, No. CIV. 05-1167 RHK/JSM, 2006 WL 7137404, at *7 (D. Minn.

May 1, 2006); *Aery v. Lewis*, No. CV 22-0012 (KMM/BRT), 2022 WL 6196549, at *2 (D. Minn.

Oct. 7, 2022) (holding that identity of individuals in hallway and in a prison cell was relevant

upon service of a proper interrogatory "seeking the identification of names of all parties present

in the hallway and the cell during the incident in question."). The circuit courts of appeals and

other district courts have similarly clarified that where discovery is sought that "would aid in the identification of responsible defendants or the lack thereof, district courts *should strongly consider granting it.*" *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (emphasis added); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 196 (N.D. Ill. 2013); *Athill v. Speziale*, No. 06-4941, 2009 WL 1874194, at *14 (D.N.J. June 30, 2009) ("Plaintiffs should thus be allowed every opportunity to identify the unknown defendants.").

## <u>ARGUMENT</u>

1. **Defendant must respond to each requested interrogatory and request for production to ascertain the identity of vendors involved in the call or the provision of the Plaintiff's information and the scope of their involvement.**

Defendant claims that it should be entitled to withhold and not disclose to the Plaintiff any vendors or third parties used to place the subject calls at issue or who provided the Defendant with the Plaintiff's information. For justification for that shaky proposition, Defendant makes two main arguments. First, it claims that any third parties involved in the calls at issue are "irrelevant" to the issue of whether or not the Defendant made the calls alleged in the complaint. Second, and relatedly, it claims that the identification of vendors, their degree of involvement on the calls and provision of the Plaintiff's information, as well as contracts with such vendors and their very identities are outside the scope of discovery because such revelations would be allegedly inconsistent with the Plaintiff's complaint.

As an initial matter, the idea that discovery is limited solely to evidence supporting already-pleaded claims is contrary to Rule 26(b)(1) as anything "relevant" to "any party's claim or defense." This clearly includes evidence that can develop additional facts, develop the Plaintiff's legal theories, as well as support new claims and identify new parties. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992) (holding that discovery as to predecessor models in a products liability case may be relevant if the predecessors share a similar design and

claimed defect). "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (cleaned up). The guiding principal here, "relevance," encompasses any matter which "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.*

Plaintiff needs to know the identit(ies) of any third parties involved on the calls so that Plaintiff can serve discovery on the Defendant and a subpoena on the third party to identify and to verify if they made contact with the Plaintiff and what the nature of their relationship was. Even if such third parties did not place the calls, as Plaintiff contends, those third parties may still possess evidence of relevance to this case, such as that of consent, or indicate customer lists which can be then loaded into a dialer to call. This is especially critical here, as the Defendant has claimed that the Plaintiff called the Defendant, but the Plaintiff has produced telephone records showing that the Defendant called him. A list of other individuals provided by a vendor to be called by the Defendant, for example, would tend to disprove the Defendant's theory. So too would the identification of the Defendant's telephone carrier and CRM systems to identify where discoverable information on the calls, including their inbound or outbound nature, may be stored.  As such, the Plaintiff needs to uncover evidence consistent with the direct liability and outbound call allegations in the complaint or uncover facts for why those allegations are not true. As the Eighth Circuit noted in *Vanderberg v. Petco Animal Supplies Stores, Inc.*:

> We also reject any suggestion that Vanderberg's failure to adhere to Rule 26(a)(2) was harmless because Petco should have figured out that he would rely on his treating physicians to provide expert testimony on causation. The expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines. Moreover, parties such as Petco are entitled to presume that opposing parties will

comply with the Rules of Civil Procedure and that experts will be properly disclosed in accordance with the rules. "Litigants should not have to guess who will offer expert testimony; they need knowledge to conduct their own discovery and proffer responsive experts. That's why failure to comply with Rule 26(a)(2)(A) leads to the exclusion of expert testimony by a witness not identified as an expert.

906 F.3d 698, 704 (8th Cir. 2018).

Defendant may contend that the Plaintiff was "transferred" between individuals before speaking to the Defendant's insurance agent, which it may contend is inconsistent with a holding of direct liability. Not so. Merely being transferred on a call is not inconsistent with the Plaintiff's pled allegations of direct liability in the complaint, since companies often transfer calls internally between departments, such as from a "screener," to an unlicensed "fluffer," to a more seasoned and licensed insurance representative, who also happens to be paid more than the "screener" or "fluffer." *See, e.g.*, *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1150 (N.D. Ill. 2014) (holding plaintiff adequately alleged direct liability when he received a prerecorded voice saying he could obtain quotes from "Allstate, GEICO, Progressive and State Farm," but was transferred to a sales representative of Esurance, an Allstate subsidiary, who provided a quote for Esurance's services). These individuals who transfer calls can nevertheless be employees of the Defendant's company. Indeed, this situation is all the more likely here, as all the Defendant has provided the Plaintiff in discovery are recordings which do not even mention any third party. Companies transfer calls in between internal departments all the time for operational efficiencies and cost reasons. The mere fact Plaintiff spoke to multiple individuals on the call does not mean that they were not all employed by the same company.

In any event, *Vanderberg* makes clear that the Defendant cannot talk out of both sides of its mouth by faulting the Plaintiff for not alleging some involvement of some unknown third party (if that is the case) based on information not even within the Plaintiff's control, insinuate

that this is actually what happened, and then deny Plaintiff the discovery necessary to identify

such third party vendors and the nature and scope of their involvement. Put simply, Plaintiff has

no knowledge of any third-party involvement in the calls other than the Defendant's insinuation

(not even say-so) that there are possibly vendors who were involved in the placement of the calls

or the provision of the Plaintiff's information to the Defendant.

Here, Defendant's wholesale refusal to produce the information and documents sought to

be compelled falls far short of the already liberal standards for discovery as the Plaintiff is

simply seeking to pursue information that the *defendant has put (or at least insinuated) at issue*

by claiming that it did not call the Plaintiff and that the Plaintiff called HIK. *E.g.*, Resp. to Rog.

9, "All calls between such employees and Plaintiff were inbound calls." Multiple courts have

ordered similar discovery to occur because the requested evidence is critical to the fact intensive

inquiry necessary to resolve the question of whether a call was placed and who placed it, as other

courts have held in the TCPA context. *See, e.g., In re Monitronics Int'l, Inc., Tel. Consumer

Prot. Act Litig.*, No. 5:11-CV-90, 2014 WL 316476, at *6-7 (N.D.W. Va. Jan. 28, 2014)

(granting motion to compel discovery relevant to vicarious liability in a TCPA telemarketing

case); *Braver v. Northstar Alarm Sercs., LLC*, 2019 U.S. Dist. LEXIS 118080, *18-25 (W.D.

Okla. 2019) (detailing email and other communications as basis for finding vicarious liability in

a TCPA telemarketing case); *Woodard v. Quote Storm Holdings, LLC*, No. 23 C 55, 2023 U.S.

Dist. LEXIS 90743, at *7-9 (N.D. Ill. May 24, 2023).

Similarly, in *Jones v. Safe Streets USA LLC*, No. 5:19-CV-394-BO, 2020 WL 3261096,

at *4 (E.D.N.C. June 16, 2020), Court compelled vendor correspondences:

> Plaintiffs' second motion to compel is also granted. In their second motion, plaintiffs
> seek discovery concerning Safe Streets' potential vicarious liability for the telemarketing
> conduct of co-defendants. The internal correspondence related to the vendors that
> contacted plaintiffs is relevant to show whether Safe Streets can be held vicariously liable

for their vendors' conduct. *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 660 (4th Cir. 2019). The request for documents related to complaints or do-not-call requests has been addressed above.

Simply put, the Plaintiff needs to know whether any third parties are involved and has the right to seek discovery about that relationship, which may also shed light on the calls the Plaintiff received; Defendant cannot resist this discovery merely because it will (allegedly) uncover facts which are inconsistent with those in the complaint. If a third party is involved, the Defendant should identify who it is. Indeed, the Defendant was *required* to identify those parties in its Rule 26(a)(1) disclosures, but did not. *Vanderberg*, 906 F.3d at 701 (8th Cir. 2018) (affirming exclusion of expert who was not identified in expert disclosures but identified through an interrogatory). And if the Defendant has information that materially contradicts the allegations made in the Complaint and showing the Plaintiff is wrong, for example, evidence showing that the Plaintiff spoke to another company before he spoke to the Defendant, the Defendant should provide it.

## 2. This Court should extend the deadline to add parties

As the Defendant has thus far refused to provide information regarding any vendors who may have been involved in the calling conduct or provided the Plaintiff's information to HIK, this Court should extend the deadline to amend to add parties in this case to a reasonable time to permit the Court to make a ruling on the instant motion and the Defendant to provide discovery which names the vendors it used, and their involvement, so as to allow the Plaintiff to evaluate that evidence to determine if the addition of these vendors as third parties is appropriate.

Plaintiff respectfully submits that the good cause standard of Rule 16(b)(4) has been satisfied here. The Plaintiff has been diligent in timely moving to compel responses to the discovery sought, and the Plaintiff cannot amend to add parties without knowing who those parties are, which the Defendant has refused to provide, necessitating the motion. *Bradford v.*

11

*DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 320

F.R.D. 192, 198 (S.D. Iowa 2013) (holding party was sufficiently diligent in discovering new

evidence, even though the deadline for amendments had passed).

## CONCLUSION

For the reasons stated herein, the Plaintiff's motion to compel should be granted and the

amendment deadline in this case extended.

RESPECTFULLY SUBMITTED AND DATED this June 30, 2025.

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF CONFERENCE

We hereby certify that we conferred with counsel for HIK, regarding the subject of this

motion, which is opposed. The parties exchanged numerous meet and confer emails regarding

these requests and others, which included a telephone call in June 16 of 2025 attended by

Andrew Perrong for Plaintiff and Nick Reisch for the Defendant HIK. An agreement could not

be reached because the parties are at an impasse with respect to the subject matter of the motion.

*/s/ Anthony Paronich*
Anthony Paronich

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong

## CERTIFICATE OF SERVICE

We hereby certify that on June 30, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Anthony Paronich*
Anthony Paronich

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong