## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| **MONTWAIN CARTER,** **individual and on behalf of all other similarly situated** **Plaintiff,** **v** **HEALTH INSURANCE KING AGENCY, LLC** **Defendant.** | **NO. 3:25-cv-00005-SHL-WPK** |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR EXTENSION OF ADD PARTIES

### I.    INTRODUCTION

Plaintiff Montwain Carter's motion cannot be evaluated without understanding Defendant's pending jurisdictional challenge. The only allegation made by Plaintiff that could support this Court's personal jurisdiction over Health Insurance King (**HIK**) was a single phone call on December 2, 2024. In response to HIK's jurisdictional challenge, Plaintiff offered declaratory testimony that Timothy Reese, an employee of HIK, **made that call to him** on behalf of HIK. Plaintiff's recent interrogatory answers confirm that this statement was false. He had a phone call with someone else, who transferred him to HIK. In short, Plaintiff has conceded that the sole basis for personal jurisdiction, HIK's employee supposedly directing a call to Plaintiff in Iowa, is not true.

Given that reality, the proper result is to grant HIK's motion and dismiss this case. Or, if the Court grants leave to allow Plaintiff to replead his complaint to allege facts are both accurate and support

personal jurisdiction over HIK. But Plaintiff likely realizes he does not currently know sufficient facts to plead such a viable claim. And even if he could do so, he would not have sufficient evidence to withstand an amended motion to dismiss based on personal jurisdiction.

To remedy this problem, Plaintiff is attempting to leverage a legally infirm lawsuit that is based on false facts to obtain discovery that Plaintiff hopes will both identify a new defendant to sue and give Plaintiff information that would allow him to amend his Complaint to assert different allegations against HIK. This is not how the law allows lawsuits to work. A plaintiff is supposed to have sufficient facts to allege a viable claim and then seek discovery of evidence to support those facts.

The Court should deny Plaintiff's request to compel discovery, deny the request to extend the deadline to add new parties, and grant HIK's pending motion to dismiss.

## II.    FACTS

This action began when Plaintiff filed a complaint alleging direct liability against HIK for having its employee, Timothy Reese, call him three times in violation of the TCPA. (Compl. ¶¶ 27-31.) Plaintiff alleged he only answered one of the calls. (*Id.*) Plaintiff also alleged that Timothy Reese "collected his age, information about his insurance, and ZIP code." (*Id.* ¶ 30.) Plaintiff also claimed to know that two calls he did not answer came from HIK, but he has never substantiated this assertion.[1]

---

[1] Plaintiff never explains how he could possibly know who made the two calls he didn't answer. And the only evidence before the Court is that those calls could not have been made by HIK, which does not own or control the phone numbers from which the Plaintiff alleges the calls were made.

HIK denied these facts, with supporting declarations, in a motion to dismiss for lack of personal jurisdiction. (Mot. to Dismiss at 1-8.) HIK had no record of outgoing calls to Plaintiff (or anyone in Iowa), does not own the phone numbers from which the calls were made, does not make outgoing calls to non-customers as part of its business, and has procedures in place to avoid its employees making such calls. (*Id.*)

In response, Plaintiff submitted a declaration attesting that Timothy Reese, on behalf of HIK, made the one phone call to Plaintiff that he answered on December 2, 2024. (Carter Decl., Ex. A ¶¶ 7-16.) Plaintiff also swore, under oath, that during that call, Mr. Reese asked him questions related to insurance, such as his age and ZIP code. (*Id.* ¶ 12.) In short, Plaintiff swore under oath to the truth of the facts alleged in the Complaint related to Mr. Reese and HIK.

The problem for Plaintiff is that these factual assertions are indisputably incorrect. First, Plaintiff has now admitted, contrary to his earlier declaration, that he was **transferred** to Mr. Reese, rather than Mr. Reese calling him directly as he previously testified. (Pl's Resp. to Disc., Ex B. at 6.) In addition, HIK located the call records for Plaintiff's calls, which demonstrate that (1) the December 2, 2024 was an **incoming** call to HIK; (2) Plaintiff was involved in multiple additional calls **incoming** to HIK that he failed to disclose in his interrogatory answers or his prior declaration; (3) two of the incoming calls were less than two minutes apart on December 2, 2024 and involved two separate HIK employees, making it exceedingly unlikely that Plaintiff could have ended up on both incoming calls to HIK without his consent; and (4) the call with Mr. Reese on December 2, 2024 was the **second call** with Plaintiff in that two minute period. (HIK Call Records, Ex. C.)

Plaintiff's assertion that HIK used an autodialer system is also incredibly dubious. The first incoming call to HIK occurred at 11:37 am and lasted 49 seconds. (*Id.*) Yet, Plaintiff's phone records indicate an incoming call to him at 11:35 am lasting 3 minutes, 2 seconds. (Pl.'s Phone Records, Ex. D.) The idea that an autodialing system called plaintiff and then Plaintiff stayed on the line **for two minutes of silence** before he began conversing with a HIK employee is extremely dubious.

HIK also located the recordings of the calls that indicate that Plaintiff's statements about the December 2, 2024 call are incorrect. The greeting at the beginning of the call is indicative of a call being received, rather than initiated, by HIK. In addition, contrary to Plaintiff's testimony, he did not answer any questions about his age or ZIP. The call consists of Plaintiff clarifying Mr. Reese's name, Plaintiff providing his own name, and then Plaintiff not responding further and eventually hanging up. It strongly appears that the sole purpose of the calls was to obtain information about Health Insurance King to facilitate this lawsuit.[2] All these records were produced to Plaintiff and can be made available to the Court if desired.

In short, all evidence is pointing to most, if not all, of Plaintiff's key statements supporting personal jurisdiction being false. Either Plaintiff's memory is so poor that his testimony is not reliable evidence or his testimony is fabricated.[3]

---

[2] This, of course, raises the question of what information Plaintiff might have obtained from a third party or what consent he provided before being transferred to HIK. Perhaps such information undermines the validity of the TCPA violations Plaintiff seeks to pursue.

[3] It is also notable that Plaintiff's allegations of alleged unwanted calls began at the end of November 2024, approximately 30 days after he placed his phone number on the do not call list. And Plaintiff filed another TCPA suit in the Southern District of

## III.    ARGUMENTS AND AUTHORITIES

**A. The Court must consider the issues raised in HIK's motion to dismiss and the personal jurisdiction issues implicated by the discovery in this case when ruling on this motion.**

Contrary to Plaintiff's description of HIK's personal jurisdiction challenge, HIK is not challenging the sufficiency of the allegations actually pleaded by Plaintiff. Instead, HIK disputes (with evidence) whether the evidence supports HIK's allegations and whether Plaintiff has provided sufficient **evidence** to justify personal jurisdiction.

But Plaintiff's pleading and HIK's challenge does not involve any facts or assertions involving vendors or third parties. Neither Plaintiff's Complaint, his prior declaration, his interrogatory answers, nor HIK's submissions to the Court mention anything about HIK's vendors or any third party being involved in any calls with Plaintiff. Indeed, according to Plaintiff's pleading and testimony, nobody other than HIK employees were involved in the calls. The only way such vendors or third parties could be relevant to this litigation is if the allegations in Plaintiff's complaint and the facts asserted in Plaintiff's declaration are false.

Plaintiff is attempting to obtain discovery about vendors or third parties, for whom he has no information and for which he does not know if they exist. He also has no idea what role, if any, the might have played in the phone calls (only one of which, as yet, Plaintiff has acknowledged despite the recordings).

If Plaintiff were to amend his pleadings to include such a claim, it would likely put his personal jurisdiction argument at issue. *See*

---

IOWA—Case 3:25-cv-00045-SHL-WPK—based on calls soliciting health insurance supposedly made to him by Vitality Guard Insurance, LLC involving calls made during the same two-week time period as the calls in this case.

*Callier v. Wide Merch. Inv., Inc.*, 671 F. Supp. 3d 736, 745-47 (W.D. Tex. 2023) (holding that personal jurisdiction was lacking because plaintiff neither alleged facts nor provided evidence sufficient to conclude that the conduct of the third party was attributable to the defendant); *Moore v. Charter Commc'ns, Inc.*, 523 F. Supp. 3d 1046, 1051-54 (N.D. Ill. 2020) (same). The case law cited by HIK in its motion to dismiss and associated reply makes clear that if Plaintiff had pleaded this case by seeking to hold HIK liable for a non-employee third party's conduct, he would have needed to allege facts (and produce evidence) about that (unknown) third party's identity, actions, and connections to HIK that Plaintiff does not have. Or put another way, HIK would have been entitled to the same dismissal based on personal jurisdiction that so many other defendants in similar situations have received in TCPA cases.

HIK requests that the Court consider whether justice is served by allowing further discovery in this case. This situation involves Plaintiff who appears to have actively sought out phone calls he claims violate the TCPA to use a complaint based on false facts as a jumping off point to force a defendant challenging jurisdiction to provide information that won't shed any further light on Plaintiff's pleaded allegations, but the sole purpose of which is an attempt to (maybe) uncover other defendants or other legal theories to assert in an amended pleading.

The just result in this case is dismissal of the suit based on lack of personal jurisdiction. Alternatively, if that remedy is to harsh for the Court, it should permit Plaintiff to amend his Complaint to allege facts, assuming he can, sufficient to support jurisdiction/liability against HIK based on the conduct of any third parties on which Plaintiff would like discovery. The Court could then evaluate the personal jurisdiction issue

based on reality rather than false facts.

### B. Rule 26(a)(1) Does Not Require Disclosure of Information Related to Vendors or Third Parties in this Case.

Plaintiff briefly mentions in his motion to compel that HIK was supposedly obligated to turn over information related to vendors or third parties under Rule 26(a)(1). However, this is incorrect.

Similar to Rule 26(a)(2), Rule 26(a)(1) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1).

Here, information related to the identities and contact information of vendors or third parties has no use in supporting any of HIK's claims or defenses. HIK's defense is simply that it did not make any outgoing call to Plaintiff, nor did it direct its employees to make such calls. No part of that defense requires vendor or third-party information. And HIK already has plenty of evidence from its own records to support its defense.

Nor does the limited authority cited by Plaintiff provide any support to the applicability of Rule 26(a)(1) here. Plaintiff cites *Vanderberg v. Petco Animal Supplies Stores, Inc.*, but that case is inapposite. In *Vanderberg*, the trial court excluded statements from the plaintiff's expert because the plaintiff did not disclose the expert, as he was required to under Rule 26(a)(2). *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018). It did not involve any issue related to a motion to compel or address a defendant's obligation to identify third parties it was not planning using in any way

for its defense. Nor did it involve a plaintiff trying to obtain discovery of facts relating to a TCPA claim (or anything similar) on issues that were not part of its pleading.

There is no basis to grant the motion to compel based on Rule 26(a)(1).

### C. The information related to vendors or third parties sought by Plaintiff falls outside the scope of discovery under Rule 26(b)(1).

Under Rules 33 and 34, parties' interrogatories and requests for production must be related to matters that are within the scope of Rule 26(b). Fed. R. Civ. P. 33; Fed. R. Civ. P. 34. The scope of Rule 26(b) encompasses "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Although information need not be admissible in evidence to be discoverable, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in this case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

Here, no issues related to vendors or third parties are relevant to Plaintiff's claims as currently pleaded. Plaintiff has not pleaded any facts, basis for liability, or legal theory associated with any such vendor or third party. Plaintiff has claimed under oath that HIK called him, through HIK's employee, in violation of the TCPA. According to Plaintiff, no vendors or third parties had anything to do with the call. Nor has HIK relied upon information related to any third parties as part of its defense. The scope of relevance does not extend so far as to allow discovery related to parties and conduct that neither party has made an

issue in the case.

As for the cases cited by Plaintiff, many of them do not provide any support for Plaintiff's argument. Plaintiff begins his discovery argument by pointing to several Eighth Circuit district court cases in which the courts compelled production of information related to potentially additional parties. However, none of these cases address the discovery issue in this case. In *Kennedy v. ITV Direct, Inc.*, the court allowed the plaintiff to serve Rule 45 subpoenas on two known parties that played a direct role in the conduct for which the plaintiff had already sued. *Kennedy v. ITV Direct, Inc.*, No. 08-6244, 2009 WL 10678523, at *3 (D. Minn. Jan. 8, 2009). It did not involve discovery from a plaintiff that would only be relevant if the plaintiff had pleaded different facts and different claims. Nor did it involve a plaintiff seeking discovery related to unknown parties with an unknown role, if any, in the circumstances that led to the suit.

In *Schaadt v. St. Jude Medical S.C., Inc.*, the court granted the plaintiff's motion to compel the defendant to produce information related to certain employees of the defendant. *Schaadt v. St. Jude Med. S.C., Inc.*, No. 05-1167, 2006 WL 7137404, at *7 (D. Minn. May 1, 2006). However, this information was relevant in *Schaadt* because the plaintiff's claim was for gender discrimination by the employer. *Id.* at *1. It makes sense in that case why information related to other employees would be relevant to her claim that female employees were treated differently than the male employees. It is irrelevant to a situation like this one.

Plaintiff cites *Aery v. Lewis*, but that decision never even decided on relevance because the plaintiff never served his interrogatory in the

first place. *Aery v. Lewis*, No. 22-0012, 2022 WL 6196549, at *2 (D. Minn. Oct. 7, 2022).

Plaintiff also cites a Supreme Court case, *Oppenheimer Fund* to support his broad interpretation of the scope of discovery under Rule 26. But Plaintiff is taking the cited language out of context. *Oppenheimer Fund* was not a discovery case at all, but involved the Supreme Court determining that the lower court incorrectly applied the discovery rules, rather than Rule 23, to an issue related to notice to class members and the correct rule at issue was Rule 23. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) ("Although respondents' request resembles discovery in that it seeks to obtain information, we are convinced that it more properly is handled under Rule 23(d)."). It simply did not involve a discovery issue. Any discussion by the Court of the scope of discovery was, at best, dicta.

In addition to these cases, Plaintiff cites additional cases from courts outside the Eighth Circuit. But none of these cases are relevant either. *Malibu Media* simply granted the plaintiff the opportunity to serve putative defendants with subpoenas to determine whether they were the Doe defendants against which the plaintiff had alleged facts and claims. *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 196 (N.D. Ill. 2013). *Athill* involved a similar issue of permitting discovery to identify Doe defendants based on actually pleaded facts. Plaintiff has not alleged any Doe defendants here or any facts to support such liability.

*Alston* is also inapposite. *Alston* held that a district court evaluated a motion dismiss based on 12(b)(6) under an improper standard. *Alston v. Parker*, 363 F.3d 229, 233-36 (3d Cir. 2004). The

*Alston* Court mentioned the possibly of some discovery to identify the roles individual named employees might have played in the pleaded allegations. *Id.* at 237.

*Charvat v. Allstate Corporation* is inapplicable for different reasons. *Charvat* involved a motion to dismiss under 12(b)(6), not a personal jurisdiction challenge or discovery motion. *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1149 (N.D. Ill. 2014). It simply is irrelevant to the legal issues here. Moreover, to the extent that *Charvat* might be relevant at all, it is supportive of HIK's position because the plaintiff in *Charvat* actually alleged vicarious liability, which Plaintiff has not done here.

The final four cases cited by Plaintiff to support his motion all involve vicarious liability in the TCPA context. *See In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, No. 13-MD-2493, 2014 WL 316476, at *6-7 (N.D.W. Va. Jan. 28, 2014); *Braver v. Northstar Alarm Servs., LLC*, No. CIV-17-0383, 2019 WL 3208651, at *1 (W.D. Okla. July 16, 2019); *Woodard v. Quote Storm Holdings, LLC*, No. 23-C-55, 2023 WL 3627719, at *2 (N.D. Ill. 2023); *Jones v. Safe Sts. USA LLC*, No. 19-CV-394, 2020 WL 3261096, at *3 (E.D.N.C. June 16, 2020). Similar to *Charvat*, these cases have no bearing on the issues in this motion to compel unless Plaintiff amends his pleading to assert vicarious liability as opposed to direct liability.

Additionally, Plaintiff contends that he is simply attempting to seek information that HIK put at issue regarding the third parties. However, HIK never placed this information at issue. The only thing HIK said is that the call HIK's employee took part in was an inbound call. HIK has never asserted the involvement of any third party. Nor has

Plaintiff done so. Indeed, the precise dispute is the fact that there is no relevant information about third parties that could be based on the claims and allegations actually asserted by Plaintiff (or HIK).

## IV.     CONCLUSION AND PRAYER

For the above reasons, information relating to third parties or vendors is not relevant to Plaintiff's claims of direct liability against HIK based on both the pleadings and the facts asserted by Plaintiff and HIK. Such information might be relevant to a claim for vicarious liability, but Plaintiff has not pleaded such a claim or provided any facts to support it. Therefore, HIK requests that this Court deny Plaintiff's motion and grant HIK any further relief to which it may be entitled.

Respectfully submitted,

**SPENCER FANE LLP**

By:     /s/ Nicholas J. Reisch
Brian W. Zimmerman
(Admitted *Pro Hac Vice*)
State Bar No. 00788746
bzimmerman@spencerfane.co
Nicholas J. Reisch
(Admitted *Pro Hac Vice*)
State Bar No. 24046699
nreisch@spencerfane.com
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Telephone:   (713) 552-1234
Facsimile:    (713) 963-0859

Tara E. Holterhaus, AT0013780
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Phone: (402) 501-6770
tholterhaus@spencerfane.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing to be served upon all counsel of record on July 14, 2025:

Eric Steven Mail
Eric David Puryear
PURYEAR LAW PC
3719 Bridge Avenue, Suite 6
Davenport, IA 52807
eric@puryearlaw.com
mail@puryearlaw.com

Anthony Paronich
PARONICH LAW PC
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com

*/s/ Nicholas J. Reisch*
Nicholas J. Reisch