IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **MONTWAIN CARTER, individual and on behalf of all other similarly situated**<br><br>     **Plaintiff,**<br><br>**v**<br><br>**HEALTH INSURANCE KING AGENCY, LLC**<br><br>     **Defendant.** | **NO. 3:25-cv-00005-SHL-WPK** |

**PLAINTIFF'S RESPONSE TO DEFENDANT HEALTH INSURANCE KING AGENCY, LLC'S FIRST SET OF DISCOVERY**

*General Objection Regarding Scope: Plaintiff objects to any request that seeks "all" documents, communications, or information to the extent such a request is overly broad, unduly burdensome, not limited in time or scope, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff will interpret such requests as seeking reasonably available documents relevant to the claims or defenses in this matter, subject to a reasonable search.*

**Document Requests**

1.   All phone bills, or similar documents, containing a record of calls made to Montwain Carter and calls made by Montwain Carter for his phone number with area code 563 for any periods containing a call alleged in the Complaint (on Nov. 25, Nov. 26, and Dec. 2, 2024).

     *Response:*

**Exhibit B**

      Plaintiff objects to this request to the extent it seeks documents that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to this request as overly broad and unduly burdensome because it seeks all phone bills or similar documents without regard to whether the documents contain records of calls related to the claims in this case. Plaintiff also objects because this request seeks documents containing private, irrelevant, or unrelated information, including personal call records not specific to the claims at issue, and to the extent it seeks information the substance of which is already within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff will produce the available screenshots of his phone's call log entries for the relevant dates, which show the date, time, and caller ID for the calls alleged in the Complaint. Plaintiff has no other responsive documents, as his phone is a pre-paid phone that does not generate traditional phone bills or call records.

2.    Any notes, journal entries, or similar documents created by or for Montwain Carter, whether prepared on the date of the call or some time afterwards, containing information related to any phone calls Montwain Carter alleges he had with an employee of, or anyone else he alleges acted on behalf of, Health Insurance King.

      *Response:*

      Plaintiff objects to this request to the extent it seeks documents that are not in Plaintiff's possession, custody, or control. Additionally, Plaintiff objects to the extent this request seeks documents containing private, irrelevant, or unrelated information, including personal records not specific to the claims at issue in this case. Plaintiff also objects to this request as overly broad and unduly burdensome to the extent it seeks information that is already within Defendant's possession, custody, or control, including through its own records of the calls alleged in the Complaint. Subject to the foregoing, Plaintiff has no responsive notes, journal entries, or similar documents in his possession, custody, or control, other than the screenshots of his phone's call log entries being produced in response to Request for Production No. 1, which reflect the date, time, and caller ID for the calls alleged in the Complaint.

3. Any other lawsuit in which Montwain Carter has alleged a claim involving a violation of the Telephone Consumer Protection Act (TCPA) from January 1, 2020 to present.

   *Response:*

   Plaintiff objects to this request as vague because it is unclear whether it seeks all documents related to each identified lawsuit, which would be overly broad and unduly burdensome, or only specific documents related to those lawsuits. Plaintiff further objects to this request to the extent it seeks documents without regard to their relevance to the specific claims and defenses at issue in this case, and to the extent it seeks information that is publicly available to Defendant through PACER or other court records. Subject to the foregoing, Plaintiff identifies only one other TCPA case based on publicly available records:
   - *Carter v. Vitality Guard Insurance, LLC*, 3:2025cv00045 (S.D. Iowa, filed 04/23/2025) (pending)

   Discovery is ongoing.

4. Any records you allege evidence, prove, or support your contention that the phone numbers 563-888-1294, 563-888-1567, or 563-888-8621 were used by an employee of, or other person acting on behalf of, Health Insurance King.

   *Response:*

   Plaintiff objects to this request to the extent it seeks information that is already within Defendant's possession, custody, or control, including through its own records of the calls made to Plaintiff, the phone numbers used for those calls, and the identities of the individuals or agents who made those calls. Plaintiff further objects to this request as overly broad and unduly burdensome to the extent it seeks documents beyond those directly related to the calls alleged in the Complaint. Subject to the foregoing, Plaintiff will produce the available screenshots of his phone's call log entries for the relevant dates, which reflect calls from the phone numbers identified in this request. Plaintiff's contention that the phone number 563-888-8621 was used by or on behalf of Health Insurance King is based on his recollection of a live phone call on December 2, 2024, during which the caller transferred Plaintiff to an individual who identified himself as Timothy Reese at Health Insurance King Agency. Discovery is ongoing.

5. Any records you allege evidence, prove, or support the person or entity that owns, rents, or otherwise controls the phone numbers 563-888-1294, 563-888-1567, or 563-888-8621.

*Response:*

Plaintiff objects to this request to the extent it seeks information that is already within Defendant's possession, custody, or control, including through its own records of the phone numbers used to make the calls alleged in the Complaint and the identities of the individuals or entities that own, rent, or otherwise control those numbers. Plaintiff further objects to this request as overly broad and unduly burdensome to the extent it seeks documents beyond those directly related to the calls alleged in the Complaint. Subject to the foregoing, Plaintiff has no responsive documents reflecting the ownership, rental, or control of the phone numbers identified in this request. Plaintiff's contention that these numbers were used by or on behalf of Health Insurance King is based on his recollection of a live phone call on December 2, 2024, during which the caller transferred Plaintiff to an individual who identified himself as Timothy Reese at Health Insurance King Agency. Discovery is ongoing.

## Interrogatories

1. Identify the date and time (or approximate date and time if exact date unknown) for every telephone call you allege you had with any individual you allege was employed by, or otherwise acted on behalf of, Health Insurance King.

   *Answer:*

   Plaintiff objects because this interrogatory seeks information that is already within Defendant's possession, custody, or control, including through its own records and the phone numbers identified in the complaint. Additionally, the request is overly broad and unduly burdensome to the extent it seeks information beyond the relevant time period for the allegations in this case. Subject to the foregoing, the only calls Plaintiff received from Defendant were as follows:
   - November 25, 2024 – Call from 563-888-1294 at 9:31 AM, which Plaintiff rejected.
   - November 26, 2024 – Call from 563-888-1567 at 9:37 AM, which Plaintiff rejected.
   - December 2, 2024 – Call from 563-888-8621 at 11:35 AM, which Plaintiff answered.

2. For each telephone call you identified in answering Interrogatory No. 1, identify each separate individual—other than yourself—who you allege spoke during the call or otherwise participated in the call. (If you cannot recall all or any part of the name of an individual, please provide whatever details you have to differentiate that individual from the individuals you name.)

   *Answer:*

   Plaintiff objects because this interrogatory seeks information that is already within Defendant's possession, custody, or control, including through its own records and the phone numbers identified in the complaint. Additionally, the request is overly broad and unduly burdensome to the extent it seeks information beyond the relevant time period for the allegations in this case. Subject to the foregoing, Plaintiff did not speak to anyone on the November 25, 2024 or November 26, 2024 calls, which Plaintiff rejected. On the December 2, 2024 call, Plaintiff spoke to an

individual who transferred the call to Timothy Reese, who identified himself as being from Health Insurance King Agency.

3. For each telephone call you identified in answering Interrogatory No. 1, state the name of the individual who initiated the call and, if applicable, the company or entity for whom you allege that individual was acting.

   *Answer:*

   Plaintiff objects because this interrogatory seeks information that is already within Defendant's possession, custody, or control, including through its own records and the phone numbers identified in the complaint. Additionally, the request is overly broad and unduly burdensome to the extent it seeks information beyond the relevant time period for the allegations in this case. Subject to the foregoing, Plaintiff alleges that each call was auto-dialed using technology that did not provide the name of the individual initiating the call. However, based on the content of the December 2, 2024 call, Plaintiff was transferred to Timothy Reese, who identified himself as being from Health Insurance King Agency.

4. For each telephone call you identified in answering Interrogatory No. 1, state whether the call was transferred to another individual or number at any time during the call and, if so, the name of the individual who transferred the call and, if applicable, the company or entity for whom you allege that individual was acting.

   *Answer:*

   Plaintiff objects because this interrogatory seeks information that is already within Defendant's possession, custody, or control, including through its own records and the phone numbers identified in the complaint. Additionally, the request is overly broad and unduly burdensome to the extent it seeks information beyond the relevant time period for the allegations in this case. Subject to the foregoing, Plaintiff does not have knowledge or information indicating that the November 25, 2024 or November 26, 2024 calls were transferred, as these calls were not answered. Regarding the December 2, 2024 call, Plaintiff spoke to an individual who transferred the call to Timothy Reese, who

   identified himself as being from Health Insurance King Agency. Plaintiff does not know the name of the individual who transferred the call.

5.  Identify the name of each individual attorney or other person acting on behalf of an attorney and, if applicable, the law firm with which they were associated with whom you interacted related to any potential claim or lawsuit related to any of the telephone calls described in the Complaint and the date on which you first interacted with each individual.

   *Answer:*

   Plaintiff objects to this interrogatory to the extent it seeks information that is beyond the relevant time period for the allegations in this case and to the extent it seeks information regarding other claims or lawsuits that are not relevant to the claims and defenses at issue in this case. Additionally, Plaintiff objects to the extent this request plainly seeks information that is protected by the attorney-client privilege or work product doctrine, including the timing and content of communications with counsel. Subject to the foregoing, and based on a reasonable search, Plaintiff states the following as the attorneys who are participating in this case:
- **Andrew Heidarpour**, Hiedarpour Law Firm, attorney for Plaintiff.
- **Anthony Paronich**, Paronich Law PC, attorney for Plaintiff.
- **Eric Mail**, Puryear Law PC, local counsel for Plaintiff.
- **Andrew Perrong**, Perrong Law LLC, attorney for Plaintiff.
- **Eric Puryear**, Puryear Law PC, local counsel for Plaintiff.

6.  Identify the name of each individual other than those identified in answering Interrogatory No. 5 with whom you have spoken about a potential lawsuit or claim involving a violation of the Telephone Consumer Protection Act (TCPA) from January 1, 2024 to present.

   *Answer:*

   Plaintiff objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege or work product doctrine, including communications with potential TCPA counsel, whether or not identified in response to Interrogatory No. 5. Additionally, Plaintiff objects to the extent

this request seeks information that is beyond the relevant time period for the allegations in this case or is otherwise irrelevant to the claims and defenses at issue. Subject to the foregoing, to the best of Plaintiff's recollection, Plaintiff has not had any non-privileged communications with any individuals other than those identified in Interrogatory No. 5 about any potential lawsuit or claim involving a violation of the Telephone Consumer Protection Act (TCPA) from January 1, 2024 to present.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich,
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*/s/ Eric S. Mail*
Eric S. Mail
Eric D. Puryear
**PURYEAR LAW P.C.**
3719 Bridge Avenue, Suite 6
Davenport, IA 52807
(563) 265-8344
eric@puryearlaw.com
mail@puryearlaw.com

*Counsel for Plaintiff*

## **VERIFICATION**

I, Montwain Carter, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and upon information and belief.

Dated: May 15, 2025

_____
Montwain Carter, Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 15, 2025, this document was sent electronically, via email, to the registered participants as identified on the electronic filing notice.

>*/s/ Anthony I. Paronich*
>Anthony I. Paronich,
>Paronich Law, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>(508) 221-1510
>anthony@paronichlaw.com

*Attorney for Plaintiff*