**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| MONTWAIN CARTER, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 3:25-cv-00005-SHL-WPK |
| Plaintiff, | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| HEALTH INSURANCE KING AGENCY, LLC | : : : : | |
| Defendant. | : | |

**REPLY IN SUPPORT OF MOTION TO COMPEL
HEALTH INSURANCE KING AGENCY, LLC
TO PROVIDE DISCOVERY RESPONSES
<u>AND FOR EXTENSION</u>**

**INTRODUCTION**

Now that this Court has denied Defendant Health Insurance King Agency, LLC's Motion to Dismiss without prejudice as to the discovery into the very documents that the Plaintiff seeks in his Motion to Compel (ECF No. 29), the Plaintiff's Motion to Compel should be granted in its entirety.

**ARGUMENT**

**1. The Court's Order confirms the propriety of the discovery sought to be compelled.**

As this Court has recognized, the Defendant's motion and arguments in support of dismissal on jurisdictional grounds are essentially intertwined with the merits of this case. Either Defendant placed the calls at issue or it did not; if it contends it did not, either that is because its records erroneously indicate that the Plaintiff called the Defendant, a contention contradicted by the Plaintiff's own calling records, or that there may have been a vendor involved in placing the subject calls which did contact the Plaintiff. If the latter is the case, the Plaintiff has an unquestionable right as to both the identity of such vendor and its relationship with Defendant, including those facts which may prove jurisdiction over the Defendant.

This Court's recent order simply underscores the propriety of the discovery sought to be compelled here. This Court explicitly stated that "Carter has presented sufficient evidence that (a) Reese made the call in question and (b) did so with either actual or apparent authority from Health Insurance King." The information sought by the discovery sought to be compelled will uncover evidence as to both of these contentions. Even if a vendor was utilized, as opposed to the call simply being transferred by another HIK representative to Mr. Reese, the Plaintiff is entitled to discovery as to whether, and who, placed the call with "either actual or apparent authority from Health Insurance King." Simply put, the requested information is necessary to

uncover the full scope of the facts surrounding the calls, including whether third parties or vendors were involved, and, if so, who those vendors were and whether or not they had actual or apparent authority to place the calls for Health Insurance King. As this Court further explained:

> Without discovery, it is difficult to understand what more a plaintiff like Carter could do to establish personal jurisdiction in a TCPA case beyond asserting (a) that he received a phone call directed to the forum state (b) from an insurance producer employed by Health Insurance King (c) for the purpose of trying to sell him insurance from Health Insurance King. Accordingly, this evidence is sufficient at this stage to make a prima facie case that personal jurisdiction exists because it supports a "reasonable inference" that Health Insurance King is subject to such jurisdiction.

*See* ECF No. 29. The requested discovery is critical to determining (a) whether such third parties exist (as Defendant insinuates), the nature of their involvement, whether they possess additional evidence relevant to the calls at issue, and whether they were acting under actual or apparent authority from Health Insurance King, such as, for example, by saying that they were calling from Health Insurance King, despite calling from such alleged "vendor" or simply saying that they were transferring the call to Mr. Reese, another employee. *See Traylor v. Livefree Emergency Response Inc.*, No. 1:24- CV-10329-IT, 2024 WL 4943042, at *4 (D. Mass. Dec. 3, 2024) ("LiveFree cannot sidestep the question of whether Q Synergy was its agent by merely insisting that Q Synergy was prohibited from revealing the nature of its relationship with LiveFree.").

As this Court further noted, it is well-established that minimum contacts, for TCPA purposes, are sufficient when the Defendant has directed the alleged conduct into a forum state by calling a telephone number associated with the forum state. *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1370 (S.D. Fla. 2016). A defendant may do so either expressly, by placing the call itself, or impliedly, by engaging in a relationship with a vendor or third party to place a call at its direction. *Traylor*, 2024 WL 4943042, at *1; *Mey v. Venture Data, LLC*, 245 F. Supp.

3

3d 771, 788 (N.D.W. Va. 2017) (holding that plaintiff adduced substantial evidence that defendant knew that its vendor was calling a cell phone and accepted the benefit of those calls). As such, it is at least *possible* that, if any vendors were involved, the Defendant's course of conduct with its vendor created actual or apparent authority *vis-à-vis* the Plaintiff. *Murch v. Quest Health Sols., LLC*, No. 2:24-cv-05478-GAW, ECF No. 39, (E.D. Pa. June 2, 2025).

Defendant's refusal to provide information about vendors or third parties which it suggests may have been involved but nevertheless refuses to identify is inconsistent with the Court's recognition that such discovery is necessary to resolve the factual disputes in this case, including who placed them. As this Court recognized, the Defendant cannot simply claim that some unidentified vendor allegedly placed the calls at issue and refuse to produce evidence of what it contends *actually* happened on the basis that the Plaintiff has articulated an allegedly inconsistent theory in his Complaint. Indeed, to this end, the Defendant's position is further problematic in that the Court has already questioned why HIK did not submit a declaration as to the details of the calls from Mr. Reese himself. Indeed, further more problematically for the Defendant's position in opposing the discovery sought on the grounds of the Plaintiff's pleading, recognizing that the Plaintiff's own pleading "trumps Subia's declaration stating that Health Insurance King's internal records show no such call."

Moreover, this Court has already indicated that it is inappropriate to segment discovery as the Defendant seems to insinuate is necessary by purportedly requiring the Plaintiff to file an amended complaint. As this Court recognized, "the issue of personal jurisdiction is sufficiently intertwined with the issues of class certification and the merits to make it unnecessary to segment discovery." Indeed, the Court further explicitly recognized that further discovery was necessary to develop the "underlying facts . . . to a sufficient degree to challenge the Court's analysis in

this Order." Defendant's insinuation that some unidentified vendors were involved in the placement of the subject calls without so much as (a) identifying the vendors or (b) those facts for why it contends such vendors were not acting at HIK's direction for jurisdictional purposes plainly deprives the Plaintiff of the very analysis that this Court said it would need to consider in a renewed jurisdictional motion.

At bottom, Defendant's argument that information about the alleged third parties it suggests may have made the calls is simply inconsistent with the Court's simultaneous recognition that the discovery precisely of the sort sought to be compelled here is necessary to resolve the factual disputes in this case, including whether such vendors were involved at all, the scope of their involvement, whether such involvement may give rise to actual or apparent authority, and, critically, explain why *Mr. Reese* may not have placed the call. Indeed, the call at issue may have been placed by an HIK employee who *was* authorized to place the call, and simply transferred to Mr. Reese, a reading which harmonizes the conflicting contentions in this case. In any event, the point remains that, without discovery that this Court has recognized is necessary, the parties will have no way of knowing what happened. Discovery is necessary to uncover additional facts that will either further substantiate the Plaintiff's claims or clarify the Defendant's role in the calls. The Defendant cannot simultaneously insinuate that third parties may have been involved while refusing to disclose their identities or the scope of their involvement, including involvement which may be probative of actual or apparent authority. The discovery sought to be compelled is essential to resolving these factual disputes and in uncovering whether such calls were placed by or under the authority of HIK, which would ultimately be simultaneously probative of personal jurisdiction and liability.

**CONCLUSION**

For the reasons stated herein, the Plaintiff's motion to compel should be granted and the amendment deadline in this case extended.

RESPECTFULLY SUBMITTED AND DATED this July 21, 2025.

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorneys for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

We hereby certify that on July 21, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

/s/ Anthony Paronich
Anthony Paronich

/s/ Andrew Roman Perrong
Andrew Roman Perrong