**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONTWAIN CARTER, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | 3:25-cv-00005-SHL-WPK |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| HEALTH INSURANCE KING AGENCY, LLC | : | |
| | : | |
| | : | |
| Defendant. | : | |

**MOTION AND BRIEF IN SUPPORT OF MOTION**
**TO COMPEL HEALTH INSURANCE KING AGENCY, LLC**
**TO PROVIDE DISCOVERY RESPONSES, FOR SANCTIONS,**
**<u>AND FOR EXTENSION</u>**

### TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 3

BACKGROUND AND MEET AND CONFER EFFORTS ......................................... 4

STANDARD............................................................................................................... 6

ARGUMENT .............................................................................................................. 8

   1.   Defendant should respond to the request for production to ascertain the nature and scope of Alvarado's involvement. ...................................................................................... 8

   2.   Sanctions are warranted against Defendant and Defendant's counsel personally............ 12

   3.   This Court should extend the deadline to add parties. ..................................................... 14

CONCLUSION........................................................................................................... 15

CERTIFICATE OF CONFERENCE.......................................................................... 15

CERTIFICATE OF SERVICE ................................................................................... 16

## INTRODUCTION

This Court already granted Plaintiff's Motion to Compel RFP 9, which sought "All communications with any third party *that dialed the calls* to the Plaintiff." In response, Defendant responded that no such documents existed because there were two entities involved in the calling conduct, Health Choice Now, which allegedly dialed the calls, and Alvarado Marketing Group, a third party "middleman" of sorts that Health Insurance King hired to "generate" "consumer telephone call[s]" and "transfer them to" Defendant, as outlined in the Advertiser Agreement attached herein as Exhibit A. Defendant has communicated with Alvarado, but not Health Choice, and since it is Defendant's position that Health Choice was the only entity "that dialed the calls" within the meaning of RFP 9, it claims to have no documents responsive to this request for production. However, Plaintiff served a nearly identical RFP, RFP 11, which seeks precisely the same information, only with respect to any "third party *that provided you the Plaintiff's telephone number.*" This RFP is the subject of the instant motion.

 Despite the Court expressly holding that the information sought in RFP 9 was relevant because "[c]ommunications with third parties that dialed calls to Plaintiff are relevant and discoverable," ECF No. 31 at 12, Defendant refuses to supplement and rests on its objections to RFP 11. This RFP, like RFP 9, seeks "All communications with any third party *that provided you the Plaintiff's telephone number.*" Notably, Defendant has produced both its contract with Alvarado and Alvarado's contract with Health Choice responsive to RFP 6, which sought contracts with "any third party that provided you the Plaintiff's telephone number." Despite doing so, Defendant takes the position that RFP 11 is improper because (a) Alvarado is not a "third party that provided you the Plaintiff's telephone number," (b) because communications between Alvarado and Defendant are allegedly irrelevant, and (c) because, during meet and

confer conversations, Defendant's counsel said the Plaintiff is "f****ng lying." To add insult to injury, in the aforementioned meet and confer call on October 6, 2025 with Defendant's counsel, Texas Attorney Nicholas Reisch, Mr. Reisch went on an expletive-laden tirade with Plaintiff's counsel which caused Plaintiff's counsel to terminate the call.

Being met with such obstinacy and unprofessional behavior with respect to a single, straightforward discovery request which seeks documents the Court has already held are relevant and being met with such obstructive conduct demonstrates that Defendant's position is not substantially justified, warranting sanctions. Moreover, because the Plaintiff still does not know the extent of the conduct of Alvarado and Health Choice's conduct in the allegations at issue (including through additional objections on the same basis), the Plaintiff remains unable to amend the complaint to add allegations as to their involvement in the subject conduct. As such, the Plaintiff respectfully requests another extension of 30 days until after the Defendant makes production as to RFP 11 (or the motion is denied), within which to move to amend his complaint. Furthermore, Plaintiff respectfully requests that the Court address the sufficiency of the Defendant's objections to ensure productive meet and confer conversations in the future and avoid the need for a third motion to compel.

## BACKGROUND AND MEET AND CONFER EFFORTS

Due to the *en masse* nature of telemarketing, the Plaintiff has filed this matter on behalf of the following putative class:

**National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

In order to ascertain who all the Plaintiff spoke with and the nature of the calls, including whether the calls were placed to or by Mr. Carter and other members of the class, the Plaintiff propounded the following request, which the Defendant has responded to as follows:

**REQUEST [FOR PRODUCTION] NO. 11.** All communications with any third party that provided you the Plaintiff's telephone number.

**Objections:** Defendant objects to the request seeking information about third parties, who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.

**Response:** Based on the foregoing objection, Defendant will not respond to this request.

It should be noted that, despite the Court granting the Plaintiff's first motion to compel, Defendant has continued to assert nearly identical or identical boilerplate objections to other requests for production which Plaintiff is not moving to compel a response to at this time. These include a request seeking all "internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information" and "all internal communications at your company regarding any third party that dialed the calls to the Plaintiff."

The parties exchanged meet and confer emails regarding this instant request RFP 11, the thread of which is attached herein as Exhibit B, which included a telephone call, where Mr. Reisch conspicuously did not deny using the below-reproduced profanity on the meet and confer call. During that telephone call, counsel for the Defendant repeatedly asked counsel for Plaintiff why the information was relevant, to which the Plaintiff responded that this Court already held that an identical Request was relevant. Plaintiff cited Court's reasoning that communications with third parties that provided the Plaintiff's telephone number to the Defendant, just like those entities which dialed the calls, are relevant and discoverable. Plaintiff explained that the

information is relevant and discoverable because, *inter alia*, the discovery about these third

parties is relevant to the claims and defenses, including as to the question of agency relationship

and the involvement each party had on the calls Plaintiff alleges he received.

In response, Mr. Reisch stated that he did not understand "why this was a big f****ng

deal" and why Plaintiff's counsel was making it so. When counsel for Plaintiff addressed this use

of profanity by Mr. Reisch, he doubled down and took the position that he had a right to use

profanity with opposing counsel because Plaintiff "is f****ng lying." After Mr. Reisch

continued in his tirade, including by confirming that his language should be included in the

instant motion because that was the Defendant's position, Plaintiff's counsel explained that he

was terminating the call because of this conduct and would seek judicial intervention.

The parties are at an impasse with the above requests. As the responses and meet and

confer communications make clear, the Defendant believes that the instant request neither

encompasses Alvarado nor is relevant and that it should not have to respond because Plaintiff's

client "is f****ng lying." This Court should compel the requested discovery response, while

providing guidance on similar objections and responses, sanction Defendant and its counsel for

its misconduct, including its baseless position, and amend the deadline to add parties until 30

days after the documents are produced.

## **STANDARD**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure

broadened the scope of discovery to include "any nonprivileged matter that is relevant to any

party's claim or defense. . . . Information within this scope need not be admissible in evidence to

be discoverable." Fed. R. Civ. P. 26(b)(1). The party resisting discovery must specifically detail

the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000).

With particular respect to seeking discovery which may uncover additional parties responsible for the conduct alleged, courts in the Eighth Circuit have compelled production of information in the possession of the defendant when such individuals may be added as additional parties to the litigation. *See, e.g.*, *Kennedy v. ITV Direct*, Inc., No. CV 08-6244 (ADM/JSM), 2009 WL 10678523, at *3 (D. Minn. Jan. 8, 2009) ("The information sought by plaintiffs is necessary for plaintiffs to identify who should and should not be a party to this action."); *Schaadt v. St. Jude Med. S.C., Inc.*, No. CIV. 05-1167 RHK/JSM, 2006 WL 7137404, at *7 (D. Minn. May 1, 2006); *Aery v. Lewis*, No. CV 22-0012 (KMM/BRT), 2022 WL 6196549, at *2 (D. Minn. Oct. 7, 2022) (holding that identity of individuals in hallway and in a prison cell was relevant upon service of a proper interrogatory "seeking the identification of names of all parties present in the hallway and the cell during the incident in question."). The circuit courts of appeals and other district courts have similarly clarified that where discovery is sought that "would aid in the identification of responsible defendants or the lack thereof, district courts *should strongly consider granting it.*" *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (emphasis added); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 196 (N.D. Ill. 2013); *Athill v. Speziale*, No. 06-4941, 2009 WL 1874194, at *14 (D.N.J. June 30, 2009) ("Plaintiffs should thus be allowed every opportunity to identify the unknown defendants.").

**ARGUMENT**

**1. Defendant should respond to the request for production to ascertain the nature and scope of Alvarado's involvement.**

The meet and confer in this matter uncovered three reasons why the instant discovery (and others like it not the subject of this motion) should not be compelled and why the Defendant should be entitled to withhold information sought. *First*, Defendant claims that Alvarado is not a "third party that provided you the Plaintiff's telephone number," and thus does not fall within the scope of the request. *Second*, it claims that communications between Alvarado and Defendant are irrelevant. *Third*, it claims it should not have to provide the documents because the Plaintiff is "f****ng lying." Plaintiff will address each argument in turn.

Defendant's position that Alvarado is not a "third party that provided you the Plaintiff's telephone number" encompassed in the request lacks merit on two levels. First, as the advertiser agreement between Alvarado and Defendant makes clear, Alvarado was in the "business of acquiring, generating, and licensing certain customer information," including telephone numbers and "transferring inbound calls," and Defendant engaged Alvarado to provide that data. Indeed, the agreement defines a "lead" as "*information relating to a consumer* expressing interest in obtaining insurance products," that is, the customer's information, which includes the Plaintiff's telephone number. Also attached herein as Exhibit C is the data that Defendant allegedly received from Alvarado, *which includes the Plaintiff's telephone number* and other information. Moreover, the agreement is explicit in that it covers "calls," which "means a consumer telephone call generated and transferred by Alvarado," and thus arguably falls within the scope of RFP 9 in any event, which the Court already compelled, and which is identical to RFP 11, seeking only information with respect to third parties that "dialed the calls to the Plaintiff" (as opposed to any third parties that "provided you the Plaintiff's telephone number.").

Were there any doubt that Defendant understood Alvarado to be a "third party that provided you the Plaintiff's telephone number," Defendant's own response to RFP 6, which the Court also compelled, belies that assertion. That request sought "All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information." In this respect, the meet and confer correspondence alleging that the Plaintiff "falsely quoted and took snippets from a contract between Alvarado and a third party named Health Choice Now and acted as if it was a contract between Alvarado and my client" was a misapprehension on part of the Defendant's counsel. Defendant produced *both* the instant Exhibit A responsive to the Court's compelling of RFP 6, which shows that Defendant clearly understands the phrase "third party that provided you the Plaintiff's telephone number" to include both Alvarado and Health Choice, as well as a separate contract between Alvarado and Health Choice. In any event, Defendant's argument that the Request is somehow vague and confusing as to whether it includes Alvarado is without merit, as Defendant clearly understood the phrase as used to encompass Alvarado with respect to another RFP using nearly identical language which the Court compelled, as well as providing the Plaintiff a copy of the data that Alvarado provided to Defendant, which included the Plaintiff's telephone number.

Defendant's second argument, that the documents are irrelevant, fares no better. As an initial matter, it should be noted that the Court already compelled a response to RFP 9, which sought the exact same information, but merely with the third parties that "dialed the calls to the Plaintiff" (as opposed to any third parties that "provided you the Plaintiff's telephone number."). Although Plaintiff is skeptical that there are no records of communications between Defendant and Health Choice as an initial matter responsive to RFP 9, that point, outlined in the second full paragraph of the Defendant's meet and confer summary email, is irrelevant; the Plaintiff is not

moving to compel documents that Defendant does not have reflecting communications between Defendant and Health Choice. The Plaintiff is seeking to compel communications between Defendant and Alvarado, which are responsive to RFP 11, as Alvarado provided the Defendant with Plaintiff's information. For what it's worth, there are presumably records of communications providing the documents in Exhibit C, which contain the Plaintiff's number.

In any event, the point remains that the Court's reasoning in granting the Plaintiff's first motion to compel applies with equal force to this motion to compel, which seeks communications and correspondences between Defendant and Alvarado. Even if Alvarado was a "middleman" of sorts who facilitated hiring other third parties to actually make the calls, Alvarado remained the entity responsible for transferring such calls to the Defendant, per the terms of the Advertiser Agreement. As the Court appropriately held:

> The question of agency creates a factual issue that warrants discovery. . . . The threshold showing of relevance was made by Plaintiff regarding whether third parties (vendors) are making calls on Defendant's behalf. Once that threshold was met, the burden shifted to Defendant in resisting discovery to show specific facts demonstrating that the discovery is not relevant or how it is privileged or otherwise protected from discovery. . . . Plaintiff needs to know whether any third parties are involved and has the right to seek discovery about a possible agency relationship, which may also shed light on the calls Plaintiff alleges he received from Defendant.

Defendant's contention that the Plaintiff "didn't even provide an argument for relevance of the communications with Alvarado you now seek" fares no better. As the Plaintiff explained, the Court's reasoning in compelling a response to RFP 9 applies with equal force to every step of the call chain. Given that Defendant only had a relationship with Alvarado, and claims not to have a relationship with Health Choice, the entity that appears to have placed the calls, the Defendant's relationship with Alvarado, and communications with it, are all the more important. These communications may reveal, *inter alia*, whether Alvarado disclosed it was hiring Health Choice, when Alvarado provided Defendant a copy of its contract with Health Choice (which

Defendant has produced), when and how Alvarado produced the data in Exhibit C to Defendant, any directions from Defendant to Alvarado to be passed along to Health Choice (or vice-versa), among other similar communications and correspondences outlining and clarifying the nature and scope of each party's involvement in the calling/marketing pipeline and conduct. Of course, the Plaintiff cannot speak to the exact relevance of the documents until they are produced, but the foregoing examples show how communications between Defendant and any third party that provided the Defendant the Plaintiff's telephone number (as Alvarado) are just as relevant as any communications between Defendant and any third party that placed the calls (as it now appears Health Choice did, at Alvarado and Defendant's direction). As this Court has noted, Defendant is not the arbiter of relevance, and once the Plaintiff has stated a basis for the relevance, to uncover the nature and scope of third parties in the calling conduct, it is incumbent on the Defendant to show why the information is *irrelevant*. Defendant has not done so.

Moreover, Defendant's objection, which is identical to the one that this Court already rejected, should be rejected for the same reasons the Court adopted and which the Plaintiff made in the Plaintiff's first motion to compel. Indeed, as Plaintiff originally noted, even if such third parties (like Alvarado) did not place the calls directly, Defendant's communications with Alvarado are still relevant because such documents will help Plaintiff understand the nature of the parties' relationship so that, among other things, an amended complaint may be filed. It also bears repeating that other courts, just as this one, have compelled vendor correspondences on nearly identical reasoning, for example in *Jones v. Safe Streets USA LLC*, No. 5:19-CV-394-BO, 2020 WL 3261096, at *4 (E.D.N.C. June 16, 2020):

> Plaintiffs' second motion to compel is also granted. In their second motion, plaintiffs seek discovery concerning Safe Streets' potential vicarious liability for the telemarketing conduct of co-defendants. The internal correspondence related to the vendors that contacted plaintiffs is relevant to show whether Safe Streets can be held vicariously liable

for their vendors' conduct. *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 660 (4th Cir. 2019). The request for documents related to complaints or do-not-call requests has been addressed above.

Finally, Defendant claims that it should not have to produce the documents because the Plaintiff is "f****ng lying" and that the communications are unimportant and irrelevant, as evidenced by Defendant's counsel saying that the Plaintiff was making this "a big f****ng deal." These assertions are frivolous. The entire purpose of discovery is to test the parties' assertions and claims, including evidence as to the involvement of third parties in the conduct alleged. As this Court has noted, Defendant's refusal to produce these documents falls short of the liberal standards embodied in the Federal Rules, particularly as the Plaintiff has unquestionably met his burden of demonstrating relevance. Defendant cannot defeat relevance through an expletive-laden rant that the Plaintiff is lying, or even the contention that the Plaintiff's complaint is inaccurate more generally. If anything, if the evidence sought would show that the Plaintiff is lying, it stretches credulity why the Defendant would *not* want to produce that evidence. As Plaintiff has already noted, and this Court already observed, Defendant cannot resist discovery simply because it will (allegedly) show the Plaintiff is lying about what happened. This applies with equal force to other requests which Defendant has lodged identical objections.

**2. Sanctions are warranted against Defendant and Defendant's counsel personally.**

This Court has already compelled a practically identical request for production. There is no reason why the Defendant's argument that it is justified in withholding correspondences with any "third party that provided you the Plaintiff's telephone number," but not, as the Court has held, any "third party that dialed the calls to the Plaintiff," is substantially unjustified, nor do the circumstances make an award of fees and costs unjust. As the Plaintiff has explained, the former is part and parcel of the latter in precisely this scenario, where it appears that the actual calls were facilitated through a middleman hired by the Defendant to make calls. The Plaintiff thus is

entitled not only to the communications between the Defendant and the caller, but also the Defendant and the middleman that provided the Defendant with the Plaintiff's information and was involved in transferring the calls to the Defendant. Moreover, Mr. Reisch's conduct in the meet and confer call makes the award of fees and costs all the more just. This Court should order Defendant to pay the reasonable expenses, including Plaintiff's attorney's fees, in making this motion under Rule 37(a)(5)(A).

And though a finding of bad faith is not a prerequisite for the award of reasonable fees and expenses under Rule 37(a)(5)(A)., *see Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010), Mr. Reisch's conduct during the meet and confer shows that Defendant's continued position, in light of the Court's previous order, is not substantially justified. *See, e.g.*, *Craig v. St. Anthony's Med. Ctr.*, 384 F. App'x 531, 532 (8th Cir. 2010) (affirming discovery sanctions for use of "argumentative and suggestive objections" during a deposition). In any event, an award of reasonable expenses is presumptively mandatory under the rule, *see Arnold*, 627 F.3d at 721-22, and nothing in Defendant's position is substantially justified, particularly in light of the Court's order granting Plaintiff's previous motion to compel. Here, both the Court's previous order and misconduct during the parties' meet and confer show that there can be no argument that the Defendant's objections were substantially justified, nor do the circumstances make an award of attorney's fees or expenses unjust.

Mr. Reisch's inexcusable use and repeating of profanity denigrating both Plaintiff and opposing counsel in an *ad hominem* manner is not a legitimate basis for refusing to respond to discovery. Even if the Court finds that Rule 37 discovery sanctions are unwarranted, the Court should sanction Mr. Reisch either under its inherent authority or with a holding of bad faith under 28 U.S.C. § 1927, as such comments, "viewed objectively, manifest[] either intentional or

reckless disregard of the attorney's duties to the court." *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990); *see also GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 196 (E.D. Pa. 2008) (imposing sanctions for use of profanity and hostility during a deposition). Courts have relied on far less egregious conduct then here in sanctioning defendants, for example, among other things, filing a motion to compel without conducting a meet and confer and adding the phrase "Irrelevant Non-Responsive Misc. Invoices" before Bates numbers. *See Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 0:17-cv-05009-JRT-DTS, ECF No 422 at 6 (D. Minn. May 27, 2020).

Because the Court already rejected this position when it partially granted the Plaintiff's previous motion to compel on similar grounds, and owing to Mr. Reisch's conduct, Defendant has willfully disobeyed this Court's orders without justification and not taken a substantially justified position with respect to its non-production, necessitating sanctions.

### 3. This Court should extend the deadline to add parties.

As the Defendant still has not provided sufficient information, including communications with the vendors involved, and relies on identical or nearly identical objections to other requests, the Plaintiff is yet unable to fully ascertain each of the three identified parties' involvement in the calling conduct alleged to craft an accurate Amended Complaint. As such, this Court should extend the deadline to amend to add parties in this case to 30 days either after the Defendant produces documents responsive to the instant RFP, or alternately 30 days after the Court denies the Motion. Plaintiff respectfully submits that, as before, the good cause standard of Rule 16(b)(4) has been satisfied here. The Plaintiff has been diligent in timely moving to compel responses to the discovery sought, and the Plaintiff still needs additional information which the Defendant has refused to provide, necessitating the motion, particularly in light of the production thus far, which raises more questions than answers. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 320 F.R.D. 192, 198 (S.D. Iowa 2013)

(holding party was sufficiently diligent in discovering new evidence, even though the deadline for amendments had passed).

## CONCLUSION

For the reasons stated herein, the Plaintiff's motion to compel should be granted, sanctions awarded, and the amendment deadline in this case extended.

RESPECTFULLY SUBMITTED AND DATED this October 14, 2025.

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF CONFERENCE

We hereby certify that we conferred with counsel for HIK, regarding the subject of this motion, which is opposed. The parties exchanged numerous meet and confer emails, which included the above-descirbed telephone call in on October 6 of 2025 attended by Andrew Perrong for Plaintiff and Nick Reisch for the Defendant HIK. An agreement could not be reached because the parties are at an impasse with respect to the subject matter of the motion.

*/s/ Anthony Paronich*
Anthony Paronich

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong

## CERTIFICATE OF SERVICE

We hereby certify that on October 14, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Anthony Paronich*
Anthony Paronich

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong