

Andrew Perrong <a@perronglaw.com>

## MONTWAIN CARTER v. HEALTH INSURANCE KING
9 messages

---

**Woods, Julia** <jwoods@spencerfane.com>  Tue, Sep 23, 2025 at 6:06 PM
To: "eric@puryearlaw.com" <eric@puryearlaw.com>, "mail@puryearlaw.com" <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>
Cc: "Reisch, Nick" <nreisch@spencerfane.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>, "Holterhaus, Tara" <tholterhaus@spencerfane.com>, "Myatt, Kristin D." <kmyatt@spencerfane.com>

Attached please find:

- **DEFENDANT HEALTH INSURANCE KING AGENCY, LLC'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY with Verification; and**
- **Production labeled HIK 000009-000020.**

Thank you.

**Julia Woods**

Legal Administrative Assistant
Spencer Fane LLP

---

3040 Post Oak Blvd., Suite 1400| Houston, TX 77056-6560
O 713.212.2656
jwoods@spencerfane.com | spencerfane.com

*******************************************************************************
CONFIDENTIALITY: This electronic mail transmission contains confidential information.  The transmission contains information that may be protected under the attorney-client privilege, work product doctrine, joint defense privilege, and/or other recognized privileges or protections under the law.  The email is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or disseminating, and notify the sender by Reply e-mail or by calling (713) 552-1234, so that our address record can be corrected.
*******************************************************************************

**3 attachments**

📎 HIK 000013 - 000020.pdf
535K

📄 HIK 000009 - 000012.pdf
79K

📄 20250923 Health Insurance King Amended Resp. to Pl.'s First Set of Disc.(6989031.1).pdf
384K

---

**Myatt, Kristin D.** <kmyatt@spencerfane.com>  Fri, Sep 26, 2025 at 4:24 PM
To: "eric@puryearlaw.com" <eric@puryearlaw.com>, "mail@puryearlaw.com" <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>
Cc: "Reisch, Nick" <nreisch@spencerfane.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>, "Holterhaus, Tara" <tholterhaus@spencerfane.com>, "Woods, Julia" <jwoods@spencerfane.com>

Attached please find Supplemental Production bates labeled HIK 000021 – 000024.

Sincerely,



Kristin Myatt   Paralegal

Spencer Fane LLP

---

3040 Post Oak Blvd., Suite 1400| Houston, TX 77056-6560
**O** 713.212.2655
kmyatt@spencerfane.com | spencerfane.com

---

**2 attachments**

 HIK 000021 - 000023.pdf
1213K

 HIK 000024.pdf
52K

---

**Andrew Perrong** <a@perronglaw.com>  Sat, Oct 4, 2025 at 2:42 PM
To: "Myatt, Kristin D." <kmyatt@spencerfane.com>
Cc: "eric@puryearlaw.com" <eric@puryearlaw.com>, "mail@puryearlaw.com" <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, "Reisch, Nick" <nreisch@spencerfane.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>, "Holterhaus, Tara" <tholterhaus@spencerfane.com>, "Woods, Julia" <jwoods@spencerfane.com>

Counsel,

Please notice the attached. Additionally, we note that the Court compelled all communications with "any third party that dialed the calls to the Plaintiff," which includes Alvarado Marketing, in response to RFP 9. In connection with this, you state that there are no responsive documents. To be clear, is it Defendant's position that it has had no communications with Alvarado, including with respect to the signing of the contract or their conduction of calls, including any emails, Skype, WhatsApp, text logs, etc, with them?

[Quoted text hidden]


**Alvarado Subpoena.pdf**
662K

---

**Reisch, Nick** <nreisch@spencerfane.com>    Mon, Oct 6, 2025 at 10:22 AM
To: Andrew Perrong <a@perronglaw.com>
Cc: "eric@puryearlaw.com" <eric@puryearlaw.com>, "mail@puryearlaw.com" <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>

Andrew,

I'm not entirely sure what the purpose of the subpoena you attached is. Are you thinking you can serve me, counsel for Health Insurance King, with a subpoena directed to a third party? That is not valid service, for reasons you should be able to figure out for yourself.

I would also note that, in addition to the service issue, an October 15, 2025 response date for a subpoena dated Saturday, October 4, 2025 could not qualify as a reasonable time for compliance.

As for your question regarding Alvarado, implicit in the question is an enormous incorrect assumption. And it is an assumption that you would not have made if you had read the contract documents, a small subset of the mere 24 pages produced in this case. Alvarado did not make calls to the Plaintiff or anyone else because Alvarado doesn't make **any** calls.

**Nicholas Reisch**  Of Counsel
Spencer Fane LLP

---

3040 Post Oak Blvd., Suite 1400| Houston, TX 77056-6560
**O** 713.212.2644
nreisch@spencerfane.com | spencerfane.com

---

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Saturday, October 4, 2025 1:42 PM
**To:** Myatt, Kristin D. <kmyatt@spencerfane.com>
**Cc:** eric@puryearlaw.com; mail@puryearlaw.com; Anthony Paronich <anthony@paronichlaw.com>; Reisch, Nick <nreisch@spencerfane.com>; Zimmerman, Brian W. <bzimmerman@spencerfane.com>; Holterhaus, Tara <tholterhaus@spencerfane.com>; Woods, Julia <jwoods@spencerfane.com>
**Subject:** [EXTERNAL] Re: MONTWAIN CARTER v. HEALTH INSURANCE KING

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

[Quoted text hidden]
[Quoted text hidden]

---

**Andrew Perrong** <a@perronglaw.com>  Mon, Oct 6, 2025 at 12:23 PM
To: "Reisch, Nick" <nreisch@spencerfane.com>
Cc: "eric@puryearlaw.com" <eric@puryearlaw.com>, "mail@puryearlaw.com" <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>

Mr. Reisch,

We are providing you notice of the subpoena as required by Rule 45(a)(4). If Alvarado has an objection to the response period, particularly given our 30-day amendment deadline, it is free to make such objection as appropriate.

We also note that you refused to provide a response to our Request for Production 11, which seeks, "All communications with any third party that provided you the Plaintiff's telephone number." This includes Alvarado, which you have agreed to produce contracts with "any third party that provided you the Plaintiff's telephone number" responsive to Request 6. That is to say, you have already conceded that Alvarado provided the Plaintiff's telephone number to your client. Given that RFP 11 is identical to RFP 9, which was already compelled, simply with respect to third parties that "dialed the calls to the Plaintiff" (as opposed to any third parties that "provided you the Plaintiff's telephone number"), we believe that the Court would likewise compel a response to RFP 11 on identical grounds, that we are entitled to communications between your client and any other third parties involved in the calling conduct, including the provision of the Plaintiff's telephone number. If you will not supplement to provide your client's communications with Alvarado, please send some times this week that work for a meet and confer. We would prefer to avoid having to place unnecessary discovery disputes before the Court.

Moreover, we did review your limited production and note that it does not support your proposition that we are making an "enormous incorrect assumption" that Alvarado placed the calls. Somebody had to have placed the calls; they did not just materialize in an interaction with your client's employees. And the contract provides that Alvarado was contracted to provide the "Deliverable" of "Calls:"

| Campaign Details | |
|---|---|
| Campaign Name: | ACA / Medicare Advantage |
| Campaign Type: | Warm Transfers |
| Deliverable: | ☐ Clicks  ☐ Leads  ☒ Calls  ☐ Other: |
| Time Period: | |
| Total Cap: | none |
| Rate Model: | Duration |
| Rate (USD$): | $25 ACA | $35 Medicare |
| Max Scrub Rate: | N/A |
| Total Budget: | N/A |
| Conversion Point: | ACA: 60 SEC Medicare: 120 SEC |
| Required Fields: | N/A |
| Campaign Geo: | Provided by client |

We also further note that the relevant contractual provisions provide that "calls" include "call transfers," whereby Alvarado would call people and then transfer those calls to the Defendant. Moreover, the Contract in numerous places contemplates that the calls would be *outbound* call transfers. Our subpoena to Alvarado is designed to answer that very question. So, we do not think that the Court will look too kindly on the Defendant's gamesmanship in this regard by stating there are no responsive documents, which is simply a variation of the Defendant's previous argument, on which the Court granted our motion to compel.

[Quoted text hidden]

**Reisch, Nick** <nreisch@spencerfane.com>  Mon, Oct 6, 2025 at 1:23 PM
To: Andrew Perrong <a@perronglaw.com>
Cc: "eric@puryearlaw.com" <eric@puryearlaw.com>, "mail@puryearlaw.com" <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>

Andrew,

The language you excerpted below is not from the contract between Alvarado and my client, which apparently you (or whoever you have reviewing the documents) failed to notice. It is from a contract between Alvarado and another entity. Your email below is filled with even more incorrect assumptions than your prior email, likely resulting from that mistake.

And I don't know that it is accurate to say that Alvarado "provided the Plaintiff's telephone number." Regardless of what you or your client want to pretend is true, the call was transferred into my client and it was not transferred in by someone working for Alvarado but by a person working for someone else. From what I understand, Alvarado has sort of a middle-man relationship. So, I don't think written communications with Alvarado would be responsive to any of the RFPs you identified.

I also don't know what you think these communications with Alvarado you are after would show. What you appear to want are documented communications with whatever person called your client (after your client gave permission to do so through an internet sign-up) or the entity for whom that person worked. That definitely isn't Alvarado.

And my client has no such communications with that person/entity, so we would have nothing to supplement. I'm not sure there are any such documents that anyone has.

What should really be your focus at this point is why there are so many documents (including recordings) that conflict with the version of events to which your client swore under oath.

But if you want to instead chase after documents that, if they exist, are likely to merely further undermine your client's version of events, you are welcome to do so. But you will have to chase after a third party that might have them.

If you feel we need to confer so I can tell you we don't have what you are after over the phone, you can call me this afternoon after 2pm Central.

**Nicholas Reisch**  Of Counsel
Spencer Fane LLP

---

3040 Post Oak Blvd., Suite 1400| Houston, TX 77056-6560
**O** 713.212.2644
nreisch@spencerfane.com | spencerfane.com

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Monday, October 6, 2025 11:23 AM
**To:** Reisch, Nick <nreisch@spencerfane.com>
**Cc:** eric@puryearlaw.com; mail@puryearlaw.com; Anthony Paronich <anthony@paronichlaw.com>; Zimmerman, Brian W. <bzimmerman@spencerfane.com>
**Subject:** Re: [EXTERNAL] Re: MONTWAIN CARTER v. HEALTH INSURANCE KING

[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.

Mr. Reisch,

We are providing you notice of the subpoena as required by Rule 45(a)(4). If Alvarado has an objection to the response period, particularly given our 30-day amendment deadline, it is free to make such objection as appropriate.

We also note that you refused to provide a response to our Request for Production 11, which seeks, "All communications with any third party that provided you the Plaintiff's telephone number." This includes Alvarado, which you have agreed to produce contracts with "any third party that provided you the Plaintiff's telephone number" responsive to Request 6. That is to say, you have already conceded that Alvarado provided the Plaintiff's telephone number to your client. Given that RFP 11 is identical to RFP 9, which was already compelled, simply with respect to third parties that "dialed the calls to the Plaintiff" (as opposed to any third parties that "provided you the Plaintiff's telephone number"), we believe that the Court would likewise compel a response to RFP 11 on identical grounds, that we are entitled to communications between your client and any other third parties involved in the calling conduct, including the provision of the Plaintiff's telephone number. If you will not supplement to provide your client's communications with Alvarado, please send some times this week that work for a meet and confer. We would prefer to avoid having to place unnecessary discovery disputes before the Court.

Moreover, we did review your limited production and note that it does not support your proposition that we are making an "enormous incorrect assumption" that Alvarado placed the calls. Somebody had to have placed the calls; they did not just materialize in an interaction with your client's employees. And the contract provides that Alvarado was contracted to provide the "Deliverable" of "Calls:"

| Campaign Details | |
|---|---|
| Campaign Name: | ACA / Medicare Advantage |
| Campaign Type: | Warm Transfers |
| Deliverable: | ☐ Clicks  ☐ Leads  ☒ Calls  ☐ Other: |
| Time Period: | |
| Total Cap: | none |
| Rate Model: | Duration |
| Rate (USD$): | $25 ACA | $35 Medicare |
| Max Scrub Rate: | N/A |
| Total Budget: | N/A |
| Conversion Point: | ACA: 60 SEC Medicare: 120 SEC |
| Required Fields: | N/A |
| Campaign Geo: | Provided by client |

[Quoted text hidden]
[Quoted text hidden]

**Andrew Perrong** <a@perronglaw.com>  Mon, Oct 6, 2025 at 1:28 PM
To: "Reisch, Nick" <nreisch@spencerfane.com>
Cc: "eric@puryearlaw.com" <eric@puryearlaw.com>, Eric Mail <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>

I will call you at 2:30 Central if that works for you.

[Quoted text hidden]


image001.png
33K

---

**Andrew Perrong** <a@perronglaw.com>  Mon, Oct 6, 2025 at 3:44 PM
To: "Reisch, Nick" <nreisch@spencerfane.com>
Cc: "eric@puryearlaw.com" <eric@puryearlaw.com>, Eric Mail <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>

Mr. Reisch,

This is to confirm that we are at an impasse with respect to Request For Production 11, where you stated that you did not understand "why this was a big f****ng deal" and that my client was "f****ng" lying, at which point I stated we are at impasse and terminated the call. Such comments and conduct have no place in professional meet and confer communications. It is my hope that you will be able to conduct yourself more appropriately in future meet and confer communications.

[Quoted text hidden]

---

**Reisch, Nick** <nreisch@spencerfane.com>  Mon, Oct 6, 2025 at 4:13 PM
To: Andrew Perrong <a@perronglaw.com>
Cc: "eric@puryearlaw.com" <eric@puryearlaw.com>, Eric Mail <mail@puryearlaw.com>, Anthony Paronich <anthony@paronichlaw.com>, "Zimmerman, Brian W." <bzimmerman@spencerfane.com>

Mr. Perrong,

That does not accurately state our conversation and you know it.

And the professionalism of the conversation devolved, on your end, long before the call was terminated. It started with your email this morning that falsely quoted and took snippets from a contract between Alvarado and a third party named Health Choice Now and acted as if it was a contract between Alvarado and my client. And then your choice, on the call, after (reluctantly) acknowledging your mistake, to pretend that your prior email supported your altered request for communications with Alvarado despite it not placing the calls, making the transfers, etc.

You also left out of your "summary" the argument that you decided to advance that my client somehow was obligated to produce documents it didn't have (such as those from Health Choice Now) because my client was (eventually) able to obtain a single document from Alvarado that Alvarado acquired from vendors down the chain from it. You claimed that showed we had "possession, custody, or control" over those documents.

I would also note that you didn't even provide an argument for relevance of the communications with Alvarado you now seek, despite knowing those documents didn't fit the narrative of relevance you claimed in your email this morning. You just kept saying you were entitled to every communication between my client and Alvarado (regardless of subject matter) every time I would ask what you could find in communications with Alvarado that would be relevant.

[Quoted text hidden]

Case 3:25-cv-00005-SHL-WPK    Document 32-2    Filed 10/14/25    Page 8 of 8

[Quoted text hidden]