**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| **MONTWAIN CARTER,** **individual and on behalf of** **all other similarly situated** **Plaintiff,** **v.** **HEALTH INSURANCE KING** **AGENCY, LLC** **Defendant.** | **NO. 3:25-cv-00005-SHL-WPK** |

**DEFENDANT HEALTH INSURANCE KING AGENCY, LLC'S**
**AMENDED OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF DISCOVERY**

**Objections Definitions and Instructions**

1.     Defendant objects to instruction for interrogatories no. 1 because it is inconsistent with a party's obligations under the appliable rules of civil procedure. Defendant will not comply with the instruction. To the extent the instruction duplicates obligations under the rules, it is unnecessary. To the extent the instruction varies obligations under the rules, it is improper.

2.     Defendant objects to instruction for requests for production no. 6 because it is inconsistent with a party's obligations under the appliable rules of civil procedure. Defendant will not comply with the instruction. To the extent the instruction duplicates obligations under the rules, it is unnecessary. To the extent the instruction varies obligations under the rules, it is improper.

3.     Defendant objects to the definitions proposed by Plaintiff. With regard to the definitions for "Defendant," "Describe," "Identify" (each separate definition), "Telemarketing," "Vendor" and "You," the definitions seek to expand the ordinarily understood meanings of these terms in inappropriate ways and to elide the fact that Plaintiff is indirectly seeking to propound additional interrogatories or requests inside of definitions. It appears that the remaining definitions proposed by Plaintiff are simply a

**Exhibit 2**

repetition of the commonly understood meeting, but Defendant objects to the definitions to the extent Plaintiff contends otherwise. Regardless, Defendant will not use the definitions propounded by Plaintiff.

4.      Defendant objects to the "relevant time period" proposed by Plaintiff. The proposed time period does not even logically make sense in relation to most of the interrogatories and requests. Also, there is no relevant justification for such an expansive time period. Defendant will not comply with the proposed time period.

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**OBJECTIONS: To the extent this interrogatory seeks the identity of anyone acting as counsel for Defendant and what interrogatories for which any such counsel provided information, Defendant objects to providing that information based on the work product and attorney-client privileges. Defendant will not provide information about counsel in response to this interrogatory.**

**ANSWER: Ygnacio L Subia III, VP of Sales Operations for Health Insurance King Agency, LLC.**

**INTERROGATORY NO. 2**. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER: Health Insurance King has never had any campaign to make outbound calls to Plaintiff or any other potential customers. With regard to employees, the only outbound calls**

made by Health Insurance King employees are to individuals who have given permission to Health Insurance King for such calls and to which the TCPA would not apply. Thus, there are no employee names responsive to this interrogatory. With regard to vendors, Health Insurance King contracts exclusively with Alvarado Marketing Group, Inc. for the provision of potential customer leads. Alvarado Marketing Group has never had any campaign to make outbound calls to Plaintiff on behalf of Health Insurance King. Health Insurance King does not believe Alvarado Marketing Group has a dialing system to make calls. Alvarado Marketing Group directs its own vendor/contractor to forward calls to Health Insurance King.

**INTERROGATORY NO. 3**. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**OBJECTIONS: To the extent this interrogatory seeks information about "vendors" who are companies or individuals that are somehow involved in making or generating calls for Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims**

**against Defendant or (potentially) other parties. Defendant will not provide any information about vendors in response to this interrogatory.**

**ANSWER: There were no employees identified in response to Interrogatory No. 2. Alvarado Marketing Group obtains potential customer leads from Health Choice Now, LLC and provides those leads as calls forwarded to Health Insurance King.**

**INTERROGATORY NO. 4.** Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER: To the best of Health Insurance King's knowledge, the leads provided by Alvarado Marketing Group to Health Insurance King originate solely from Health Choice Now, LLC.**

**INTERROGATORY NO. 5.** Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER: Employees of Health Insurance King that spoke with Plaintiff are Timothy Reese and Lynette Gibson. No employees of Alvarado Marketing Group spoke with Plaintiff. Health Insurance King does not know which individuals might have spoken with Plaintiff on behalf of Health Choice Now, LLC.**

**INTERROGATORY NO. 6.** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER: All the calls between employees of Health Insurance**

King and Plaintiff were inbound calls. To the extent Plaintiff alleges that those inbound calls somehow originated with telephone calls that Plaintiff received (rather than Plaintiff placing a call), Health Insurance King does not currently have any information about who placed any call to Plaintiff or whether Plaintiff consented to those calls.

**INTERROGATORY NO. 7**. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER: All the calls between employees of Health Insurance King and Plaintiff were inbound calls. To the extent Plaintiff alleges that those inbound calls somehow originated with telephone calls that Plaintiff received (rather than Plaintiff placing a call), Health Insurance King does not currently have any information about who placed any call to Plaintiff or whether Plaintiff consented to those calls.**

**INTERROGATORY NO. 8**. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**OBJECTIONS: Defendant objects to this interrogatory as vague because "regarding this lawsuit" does not adequately specify the information sought.**

**Defendant further objects to this interrogatory as seeking irrelevant information. Information about Defendant's discussions with third parties about this lawsuit, if any, would not make any material fact at issue in this case more or less likely.**

Defendant further objects to this request as overbroad and not proportional to the needs of the case. To the extent that any of the communications about which Plaintiff inquires on a particular subject matter might be relevant, those communications do not justify broader discovery about all such communications, especially given the considerations detailed on Rule 26(b)(1).

ANSWER: Based on the foregoing objections, Defendant will not answer this interrogatory.

**INTERROGATORY NO. 9**. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER: No systems, platforms, or equipment were used by employees of Health Insurance King to contact Plaintiff. All calls between such employees and Plaintiff were inbound calls. Health Insurance King does not believe that Alvarado Marketing Group contacted Plaintiff or used any systems, platforms, or equipment to do so. Health Insurance King does not have any information about systems, platforms, or equipment used by Health Choice Now, LLC.**

**INTERROGATORY NO. 10**. State all facts in support of any affirmative defenses you have raised.

**ANSWER: In relation to the first asserted defense, personal jurisdiction is not an affirmative defense but is part of Plaintiff's burden. Health Insurance King separately pleaded with an abundance of caution. The facts supporting the lack of personal**

jurisdiction are laid out in detail in Health Insurance King's motion to dismiss, the exhibits attached to that motion, and the related reply.

In relation to the second asserted defense, Health Insurance King has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the laws under which Plaintiff is suing. This includes Health Insurance King's practice of not having employees engage in any outbound calls to individuals unless they are current or recent former customers of Health Insurance King, who have provided consent for the calls. It also includes the procedures set up to prohibit and prevent employees from making outbound calls (even those calls that are made in violation of Health Insurance King policy), which are detailed in Health Insurance King's motion to dismiss and supporting exhibits.

In relation to the third asserted defense, all calls between the Plaintiff and Health Insurance King were incoming calls, which means he would necessarily have consented to those calls. To the extent Plaintiff alleges that those inbound calls somehow originated with telephone calls that Plaintiff received (rather than Plaintiff placing a call), Health Insurance King does not currently have any information about who placed any call to Plaintiff or whether Plaintiff consented to those calls.

In relation to the fourth asserted defense, Health Insurance King cannot currently provide any information related to it because it does not know the details of any

purported class.

**INTERROGATORY NO. 11**. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**OBJECTIONS: To the extent this interrogatory seeks information about "vendors" who are companies or individuals that are somehow involved in making or generating calls for Defendant, Defendant objects to the interrogatory as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties. Defendant will not provide any information about vendors in response to this interrogatory.**

**ANSWER: With regard to employees of Health Insurance King, none.**

## Document Requests

**REQUEST NO. 1.** Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**OBJECTIONS: To the extent this interrogatory seeks information subject to the work product privilege (but that is not subject to the attorney-client privilege), Defendant objects to this request based on that privilege. Defendant will not provide any responsive documents subject to the work product privilege.**

**RESPONSE: Health Insurance King will produce documents responsive to this request, other than those to which it objected, within approximately two weeks.**

**REQUEST NO. 2.** Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**OBJECTIONS: To the extent this interrogatory seeks information subject to the attorney-client or work product privilege, Defendant objects to this request based on that privilege. Defendant will not provide any responsive documents subject to those privileges.**

**RESPONSE: Health Insurance King will produce documents responsive to this request, other than those to which it objected, within approximately two weeks.**

**REQUEST NO. 3.** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**OBJECTIONS: To the extent this interrogatory seeks**

information subject to the attorney-client or work product privilege, Defendant objects to this request based on that privilege. Defendant will not provide any responsive documents subject to those privileges.

**RESPONSE: Health Insurance King will produce documents responsive to this request within approximately two weeks.**

**REQUEST NO. 4.** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE: Health Insurance King does not have any responsive documents to this request.**

**REQUEST NO. 5.** Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**OBJECTIONS: Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might**

be used to assert new claims against Defendant or (potentially) other parties.

Defendant further objects to the request based on relevance because information about complaints or do-not-call requests would not make any material fact in this case more or less likely.

Defendant further objects to this request as overbroad and not proportional to the needs of the case. To the extent that any of the documents about which Plaintiff inquires on a particular subject matter might be relevant, those documents do not justify broader discovery about all such documents, especially given the considerations detailed on Rule 26(b)(1). Notably, Plaintiff's request is not even limited to alleged TCPA violations or otherwise limited to a particular subject matter.

Response: Based on the foregoing objections, Defendant will not respond to this request.

**REQUEST NO. 6.** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE: Health Insurance King will produce documents responsive to this request.**

**REQUEST NO. 7.** All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**OBJECTIONS: Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for**

**Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.**

**RESPONSE: Based on the foregoing objection, Defendant will not respond to this request.**

**REQUEST NO. 8**. All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**OBJECTIONS: Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially)**

other parties.

**RESPONSE: Based on the foregoing objection, Defendant will not respond to this request.**

**REQUEST NO. 9.** All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE: Health Insurance King does not have any responsive documents to this request.**

**REQUEST NO. 10.** All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**OBJECTIONS: Defendant objects to the request seeking information about third parties, who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.**

**RESPONSE: Based on the foregoing objection, Defendant will not respond to this request.**

**REQUEST NO. 11.** All communications with any third party that provided you the Plaintiff's telephone number.

**OBJECTIONS: Defendant objects to the request seeking information about third parties, who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.**

**RESPONSE: Based on the foregoing objection, Defendant will not respond to this request.**


**REQUEST NO. 12.** All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**OBJECTIONS: Defendant objects to the request seeking information about third parties, who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about**

**vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.**

**RESPONSE: Based on the foregoing objection, Defendant will not respond to this request.**

**REQUEST NO. 13.** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE: Defendant has not identified any documents responsive to this request.**

**REQUEST NO. 14.** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE: Defendant has not identified any documents responsive to this request.**

**REQUEST NO. 15.** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:
   a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the

Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

**OBJECTIONS: Defendant objects to the request seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.**

**Defendant further objects to the request based on relevance to the extent it seeks information relating to policies that are not connected to the specific TCPA allegations asserted by Plaintiff because that information would not make any material fact in this case more or less likely. Defendant will not provide any information covered by that objection.**

**Response: Health Insurance King will produce documents responsive to this request, other than those to which it objected, within approximately two weeks.**

**REQUEST NO. 16**. Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:

    a)    the date and time;
    b)    the caller ID;
    c)    any stop request received;
    d)    any recorded message used;
    e)    the result;
    f)    identifying information for the recipient; and
    g)    any other information stored by the call detail records.

**OBJECTIONS: Defendant objects to the request because it seeks information that is irrelevant. Receiving phone call information for every call placed by Defendant will not make any material fact in this case more or less likely.**

**Defendant further objects to this request to the extent it is seeking information about "vendors," who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.**

**Defendant further objects to the request based on relevance because information about complaints or do-not-call requests would not make any material fact in this case more or**

less likely.

Defendant further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. To the extent that any of the documents about which Plaintiff inquires on a particular subject might be relevant, those documents do not justify broader discovery about all such documents, especially given the considerations detailed on Rule 26(b)(1). Notably, Plaintiff's request is not even limited to customers or potential customers of Defendant but includes all phone calls and does not make any exception for customers who have clearly provided consent for phone calls. Moreover, obtaining extensive information about every call made by Defendant and then trying to match that list to a do-not-call registry list is the most expensive and burdensome method of obtaining the information Plaintiff seeks.

RESPONSE: Based on the foregoing objections, Defendant will not respond to this request.


REQUEST NO. 17. All communications with any third party concerning this litigation other than your attorney.

OBJECTIONS: Defendant objects to this request as vague because "regarding this lawsuit" does not adequately specify the information sought.

Defendant further objects to this request as seeking irrelevant information. Information about Defendant's discussions with third parties about this lawsuit, if any, would not make any material fact at issue in this case more or less

likely.

Defendant further objects to this request as overbroad and not proportional to the needs of the case. To the extent that any of the communications about which Plaintiff inquires on a particular subject might be relevant, those communications do not justify broader discovery about all such communications, especially given the considerations detailed on Rule 26(b)(1). ANSWER: Based on the foregoing objections, Defendant will not answer this interrogatory.

Respectfully submitted,

**SPENCER FANE LLP**

By: */s/* Nicholas J. Reisch
Brian W. Zimmerman
(Admitted *Pro Hac Vice*)
State Bar No. 00788746
bzimmerman@spencerfane.co
Nicholas J. Reisch
(Admitted *Pro Hac Vice*)
State Bar No. 24046699
nreisch@spencerfane.com
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Telephone:   (713) 552-1234
Facsimile:    (713) 963-0859

Tara E. Holterhaus, AT0013780
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Phone: (402) 501-6770
tholterhaus@spencerfane.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing to be served upon all counsel of record via email on September 23, 2025:

Eric Steven Mail
Eric David Puryear
PURYEAR LAW PC
3719 Bridge Avenue, Suite 6
Davenport, IA 52807
Email: eric@puryearlaw.com
Email: mail@puryearlaw.com

Anthony Paronich
PARONICH LAW PC
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

Andrew Roman Perrong, Esq.
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com

 */s/ Nicholas J. Reisch*
Nicholas J. Reisch

Docusign Envelope ID: 40B7957B-9D35-464A-ABAE-9C6312B5C72

**VERIFICATION**

1. My name is Ygnacio L Subia III. I am over 18 years of age, of sound mind, and I am capable of making this declaration.

2. I am VP of Sales Operations for Health Insurance King Agency, LLC.

3. I have read the answers to interrogatories contained in the document titled Defendant Health Insurance King Agency, LLC's Amended Objections and Responses to Plaintiff's First Set of Discovery.

4. The answers to the interrogatories are accurate based on my personal knowledge and a review of all sources of responsive information and facts reasonably available to me.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 15th day of September, 2025.


Signed by:

*Ygnacio Subia*

Ygnacio L Subia III