**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| MONTWAIN CARTER, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | 3:25-cv-00005-SHL-WPK |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| HEALTH INSURANCE KING AGENCY, LLC | : | |
| | : | |
| | : | |
| Defendant. | : | |

**REPLY IN SUPPORT OF SECOND MOTION TO COMPEL
HEALTH INSURANCE KING AGENCY, LLC
TO PROVIDE DISCOVERY RESPONSES, FOR SANCTIONS,
<u>AND FOR EXTENSION</u>**

## INTRODUCTION

Defendant Health Insurance King Agency, LLC's explanation for its nonproduction of the vendor correspondences Plaintiff seeks to compel is long on excuses but short on the law. Moreover, counsel's insipid statement that it is denying "a version of events that did not happen" is insufficient basis to avoid sanctions for counsel's *ad hominem* use of profanity during the call, which Plaintiff's counsel's declaration makes clear occurred. The motion should be granted.

## ARGUMENT

**1.  The Court's Order confirms the propriety of the discovery sought to be compelled.**

This Court has reiterated that the vendor correspondences the Plaintiff seeks are relevant to the issue of vicarious liability, including allowing the development of discovery into the role of such vendors, and as Defendant seems to intimate, issues of consent. If it is true that "Health Insurance King did not make any calls to Plaintiff," Oppn. at 1, then the Plaintiff unquestionably has the right to vendor correspondences with the vendor that provided the Defendant the Plaintiff's information. Because Defendant contends that it itself did not obtain the Plaintiff's information, but did so through a vendor, the Plaintiff is entitled to the Defendant's correspondences with the vendor that did so. As this Court has twice recognized, if that is the case, Plaintiff has an unquestionable right to the correspondences between the Defendant and the vendor that provided the Defendant with the Plaintiff's information. In opposing, Defendant relies on semantic gamesmanship with the requests, which it clearly understands.

Defendant's objections to providing correspondences with Alvarado, whom Defendant admits acted as a middleman in providing Defendant the Plaintiff's information, are unavailing. Start with burden. It is trivial for any business, even a small business, to simply search their computers, email accounts, and messaging apps used (if any) for communications with the

1

vendors it has identified as providing the Plaintiff's information, and then simply export it. As a sister Court has observed, "as a practical matter, emails contain information of a more informal nature than what might be found on a marketing drive or in the files of a legal department. And for that reason, emails can offer insight that differs from polished documents. . . . Considering the low number [eight] of accounts, the court will not accept this task as unduly burdensome." *Sterling Computers Corp. v. Int'l Bus. Machines Corp.*, No. 4:23-CV-04150-CCT, 2025 WL 1332320, at *2 (D.S.D. May 7, 2025). In any event, in the Eighth Circuit, a generalized showing of burden will not do: a party seeking to resist discovery on burden grounds must make a particularized showing of specific burden, instead of making "generalized and conflated arguments." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018).

Nor is the requested discovery irrelevant or disproportional, either. As this Court has explained, the discovery is necessary to uncover answers to the question of agency, including the nature of the relationship as between Alvarado and Health Insurance King, including facts which may be demonstrative of vicarious liability, and why and how Health Insurance King came to possess the Plaintiff's information, including *during the very call at issue*. Defendant may disagree with this Court's holding, but the fact remains that the Corut already held that the information is relevant and proportional, particularly insofar as Defendant's very own opposition to the motion to compel *places the relationship between Defendant and Alvarado at issue*.

Defendant's opposition is fundamentally flawed as to the claimed irrelevance of the information sought. *Someone* must have provided the Defendant with the Plaintiff's information, including alleged Jornaya information and telephone number; otherwise, the Plaintiff would never have interacted with the Defendant. Defendant clearly understood that party to be Alvarado in response to other discovery responses, so Defendant's assertion that "Alvarado

never had Plaintiff's telephone number and could not have provided it to HIK" stretches

credulity. (Oppn. at 9). If not Alvarado, someone apparently did. As Plaintiff stated, Defendant

apparently understood this entity to be Alvarado. The Plaintiff is entitled to know what Alvarado

told Defendant, and vice-versa, as such information will show what Defendant knew about the

subject calling campaign and when Defendant knew it, as relevant to vicarious liability. It would

also prove relevant to any potential issues as to the Defendant's defense of consent, including

information and correspondences related to the allegation that the Plaintiff submitted his

information on a website with a Jornaya token. And, as Plaintiff already noted in his motion

itself, courts in the TCPA context routinely find that vendor correspondences are proportional,

particularly where (as here) the parties dispute the role and nature of the vendors' involvement in

the conduct, including the provision of the Plaintiff's information.

In short, as this Court has already recognized, and as Plaintiff's counsel explained, the

information is relevant and proportional to the issue of vicarious liability, including the roles and

instructions provided in the course of the parties' dealings. And, as the court observed in *Sterling

Computers*, correspondences such as emails are often more indicative and probative of the

parties' day-to-day affairs than a formally written contract, providing insight as to the parties'

expectations, course of dealing, and other affairs probative of potential vicarious liability that

may not always be reduced to a written contract.

To answer the Defendant's rhetorical question, "how would such hypothetical

information make a material fact more or less likely?" the answer is straightforward: to showing

control and knowledge, as relevant to a finding of vicarious liability, and to showing evidence

surrounding Defendant's affirmative defense of consent, to name two. Particularly insofar as

Defendant presents a vacillating narrative of who did what, and what Defendant knew, Plaintiff

is entitled to actual *evidence* of the relevant players' day-to-day relationships, not just the Defendant's say-so of what that relationship was or even the way in which it was reduced to written, contractual form. *See Jones v. Century Oil U.S.A., Inc.*, 957 F.2d 84, 87 (3d Cir. 1992) (noting that a written contract between the parties is "not determinative of the matter, for it is the actual practice between the parties that is crucial."). In sum, the relationship between HIK and Alvarado has *every* bearing on the issues of this case. The discovery is aimed at understanding the parties' course of dealings so that the Plaintiff is not forced to plead simply his "imagination" as to what the relationship is. (Oppn. at 8.) Moreover, as a putative class action, Defendant's proportionality concerns are further weakened, as there are potentially millions of class members, each with thousands of dollars of damages against HIK. Though no class has been certified, the information is still relevant to the "rigorous analysis" the Court will be called upon to conduct at that stage. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).

In addition to the authorities cited by Plaintiff, further citations establish the relevance and proportionality of such correspondences in the TCPA context. *E.g.*, *Bradley v. DentalPlans.com.*, 617 F. Supp. 3d 326, 343 (D. Md. 2022) (noting that a failure to "look beyond the contract ... might lead to absolving a company ... that acquiesced in and benefitted from a wrongful course of conduct that was carried out on its behalf." and that while "an express disclaimer of an agency relationship is a relevant factor," courts must recognize that "parties cannot avoid the legal obligations of agency by simply contracting out of them."). Given that showing vicarious liability may be accomplished by "actions specifically mentioned to be done in a written or oral communication," in addition to actions that are "consistent with" a "general statement of what the agent is supposed to do," those communications are unquestionably proportional. *Williams v. PillPack LLC*, 644 F. Supp. 3d 845, 854 (W.D. Wash. 2022). And in

4

*Cabrera v. Government Employees Insurance Company*, the court granted summary judgment to the defendant when the plaintiff was unable to adduce evidence showing oversight and control of vendors, the exact type of evidence that the compelled response seeks. *Cabrera v. Gov't Emps. Ins. Co.*, 452 F. Supp. 3d 1305, 1318 (S.D. Fla. 2014). The vendor correspondences are thus relevant, proportional and not unduly burdensome.

**2. Sanctions are warranted.**

In response to Plaintiff's counsel's summary of the call, Defendant's counsel states that it should not be sanctioned because, despite "Plaintiff's colorful description of HIK's side of the call, it simply is not true." Tellingly, Defendant's counsel does *not* outline what about Plaintiff's allegedly "colorful description" is untrue. Does Defendant's counsel deny using profanity on the meet and confer call? That would be untrue. To that end, Plaintiff's counsel here submits a declaration sworn to under penalty of perjury, together with an audio recording transcript of the call immediately after profanity was used, which shows that Defendant's counsel used profanity on the call. Notably, as a Texas attorney, Mr. Reisch is subject to the Texas Lawyer's Creed, to which he agreed to submit himself 21 years ago, and which states in relevant part:

1.    I will be courteous, civil, and prompt in oral and written communications.
10.    … I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. …

Sanctions for Defendant's counsel's misrepresentations to the Court *alone*, not to mention the use of profanity during the meet and confer call and resistance to clearly relevant discovery, are warranted.

## CONCLUSION

For the reasons stated herein, the Plaintiff's motion to compel should be granted, sanctions imposed, and the amendment deadline in this case extended.

RESPECTFULLY SUBMITTED AND DATED this November 3, 2025.

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

We hereby certify that on November 3, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Anthony Paronich*
Anthony Paronich

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong