IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MONTWAIN CARTER,<br><br>    Plaintiff,<br><br>    vs.<br><br>HEALTH INSURANCE KING AGENCY, LLC.,<br><br>    Defendant. | 3:25-cv-00005-SHL-WPK<br><br>ORDER RE: PLAINTIFF'S MOTION TO COMPEL, MOTION FOR SANCTIONS, AND MOTION FOR EXTENSION OF TIME TO AMEND |

The attorneys have not been able to conduct orderly discovery and require Court intervention once again. Plaintiff Montwain Carter filed a Motion to Compel, Motion for Sanctions, and Motion for Extension of Time to Amend. ECF 32. Defendant Health Insurance King Agency, LLC filed a Response. ECF 33. Plaintiff filed a Reply which included an affidavit from Plaintiff's counsel detailing his recording of a portion of the attorneys' meet and confer. ECF 34; 34-1. The parties did not request a hearing. Having considered the arguments fully submitted, the Court enters the following Orders below granting in part and denying in part Plaintiff's Motion to Compel.

I.    APPLICABLE LAW AND FACTS.

The Plaintiff's Motion presents three issues: (1) whether Defendant must produce communications responsive to Request for Production (RFP) No. 11; (2) whether sanctions should be imposed and, if so, in what form; and (3) whether good cause exists to extend the amendment deadline. In general, Defendant objected on relevance and proportionality grounds and took the position that: (1) Alvarado Marketing Group (Alvarado) is not a "third party that provided"

1

Plaintiff's number; (2) communications with Alvarado are not relevant to Plaintiff's claims; and (3) the burden of collecting and reviewing all such communications is disproportionate for a small business defendant. Defendant also denies that sanctions are warranted and disputes Plaintiff's description of the parties' October 6, 2025 meet-and-confer.

Plaintiff asserts that Defendant has identified Alvarado as a "middleman" whose business includes acquiring and licensing consumer information and transferring calls and that Defendant produced the Advertiser Agreement (ECF 32-1) and a separate contract between Alvarado and Health Choice Now, along with data (ECF 32-3) that included Plaintiff's telephone number. RFP No. 11 is the request at issue whether Defendant must produce communications with any third-party:

> **REQUEST [FOR PRODUCTION] NO. 11.** All communications with any third party that provided you the Plaintiff's telephone number.
>
> **Objections:** Defendant objects to the request seeking information about third parties, who are companies or individuals that are somehow involved in making or generating calls for Defendant, as irrelevant. Plaintiff has not alleged any facts indicating that any such vendor was involved in any calls to Plaintiff. Plaintiff alleges that an employee of Defendant called Plaintiff directly. The only purpose of information about vendors would be to assert claims in addition to those made in this suit or to alter the factual allegations already asserted in this suit. The purpose of discovery is to obtain evidence for currently pleaded claims, not to uncover information that might be used to assert new claims against Defendant or (potentially) other parties.
>
> **Response:** Based on the foregoing objection, Defendant will not respond to this request.

ECF 33-2.

Plaintiff contends that Request for Production 11 seeks information that is directly linked to the involvement of third parties in obtaining or transmitting the Plaintiff's telephone number to Defendant, which is relevant to determining agency and control over the calls at issue. Plaintiff

alleges that Defendant violated the Telephone Consumer Protection Act (TCPA) by making unsolicited telemarketing calls to Plaintiff's cellular phone number. Defendant maintains that Alvarado Marketing Group is not a "third party that provided you the Plaintiff's telephone number," and that communications between Alvarado and Defendant are irrelevant to the Plaintiff's current claims. Defendant argues that RFP No. 11 seeks information beyond the currently pleaded theories and could lead to new claims or new parties, which is inappropriate at this stage.

Rule 34 of the Federal Rules of Civil Procedure governs requests to produce documents and provides that a party may ask another party to permit copying of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Federal Rule of Civil Procedure 26(b)(1) states,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b) is "liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Therefore, "the scope of permissible discovery is broader than the scope of admissibility," and "[d]iscovery requests are typically deemed relevant if there is any possibility that the information sought is relevant to any issue in the case." *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 557 (N.D. Iowa 2015). However, the broad scope "should not be misapplied as to allow fishing expeditions in discovery" and some "threshold showing of relevance must be made." *Hofer*, 981 F.2d at 380. The scope of discovery under Rule 26(b) is extremely

broad as to relevant evidence. *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015). Under Federal Rule of Evidence 401, evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence[.]" Fed. R. Evid. 401. Rule 401 sets a "extremely low burden" for relevancy. *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 396 (8th Cir. 2016). However, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action." *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999). If a party fails to produce documents or respond to a Request for Documents under Rule 34, the requesting party may move for an order compelling disclosure. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

The party resisting production of requested information bears the burden of establishing lack of relevancy and undue burden, unless lack of relevancy is obvious. *Liguria Foods, Inc. v. Griffith Laboratories, Inc.,* 320 F.R.D. 168, 183 (N.D. Iowa 2017) (quoting *Sentis Grp., Inc. v. Shell Oil Co.,* 763 F.3d 919, 925 (8th Cir. 2014)). Objections must be stated with specificity and "'must show specifically how… each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *St. Paul Reins. Co., v. Com. Fin. Corp.*, 198 F.R.D 508, 512 (N.D. Iowa 2000) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)). *See also* Fed. R. Civ. P. 33(b)(4).

**II. MERITS.**

**A. Motion to Compel**

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The record reflects that Defendant maintains an Advertiser Agreement with Alvarado, and that Alvarado separately contracted with Health Choice Now to generate and transfer calls.

Defendant previously produced: (1) the Advertiser Agreement with Alvarado; (2) the Alvarado – Health Choice Now contract; and (3) a spreadsheet containing Plaintiff's information (including Plaintiff's telephone number) in response to an earlier request for production (RFP 6), which sought contracts with "any vendor that provided you with the Plaintiff's telephone number or information."

The Plaintiff contends that RFP 11 captures information about third parties who either provided Plaintiff's number or were involved in the process that led to the calls, and that such information is relevant to agency and responsibility among Alvarado, Health Choice Now, and Defendant. ECF 32. Plaintiff believes that this Court's prior Ruling granting the prior Motion to Compel RFP 9 supports a finding that communications with third parties tied to dialed calls are relevant. *Id.*; ECF 31. On initial review, given the contractual relationships disclosed in the record and Alvarado's engagement with Defendant and Alvarado's contract with Health Choice Now, it seems the information sought by RFP 11 is reasonably calculated to lead to admissible evidence regarding agency, control, and potential additional parties. "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877–79 (9th Cir. 2014), aff'd —— U.S. ——, 136 S. Ct. 663, 193 L.Ed.2d 571 (2016); *See Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1129 (W.D. Mo. 2020).

Defendant objects on relevance and proportionality grounds, asserting that Alvarado did not itself provide Plaintiff's number and that collecting "all communications" with Alvarado would be unduly burdensome for a small business. ECF 33. Defendant argues that communications with Alvarado could not shed light on who made the calls or whether that caller had consent. *Id.* at 7. Defendant contends RFP 11 is materially different from RFP 9 and that the prior Order compelling

RFP 9 does not dictate the outcome here. RFP 9 concerned "third parties that dialed the calls to Plaintiff," whereas RFP 11 concerns "third parties that provided you the Plaintiff's telephone number." Defendant maintains that Health Choice Now, and not Defendant or Alvarado, is the entity that actually placed outbound calls and transferred calls to Defendant. Defendant reads the Insertion Order, part of the Advertising Agreement, to make Health Choice Now contractually responsible for obtaining consent, making outbound calls, and transferring inbound calls directly to Defendant under its own standard terms. *See Id*. at 8.

On the current record, the Court concludes the evidence indicates that Health Choice Now, or its caller, transferred Plaintiff's call and associated information directly to Defendant. To the extent Defendant possesses communications with Health Choice Now that reference Plaintiff, his number, or the campaign in which his calls arose, those communications fall squarely within the plain language of RFP 11 and within the reasoning of the Court's prior Order.

The closer question concerns Alvarado. Defendant argues that Alvarado did not itself provide Plaintiff's number and therefore falls outside RFP 11. Plaintiff responds that Defendant produced the Alvarado Advertising Agreement and the spreadsheet containing Plaintiff's data in response to RFP 6, which used nearly identical language, and that Alvarado acted as the conduit through which Plaintiff's information was acquired and transferred into Defendant's system.

The Court concludes that the better reading of the record is that Alvarado's communications are, at least in part, within the practical discovery scope of RFP 11. Defendant's own productions under RFP 6 demonstrate that it has understood vendors like Alvarado to be among those who "provided [it] with Plaintiff's telephone number or information," and the contractual structure indicates that Alvarado stood in the middle of the lead-generation chain. To the extent Alvarado communications concern Plaintiff, his Jornaya ID, the relevant campaign, or the sub-vendors used

6

to route his call to Defendant, the Court concludes they are reasonably encompassed within the subject matter of this dispute and are relevant under Rule 26(b)(1).

However, Plaintiff's request for "all communications" with Alvarado, regardless of date, subject matter, or connection to Plaintiff or the campaign at issue is overbroad and not proportional. The Court will not compel a wholesale ingestion and production of every communication between Defendant and Alvarado. Instead, consistent with the provided authorities recognizing both the importance of vendor communications and the need for proportional tailoring, the Court will require a targeted production limited to communications that are reasonably likely to bear on the matters at issue. Regarding the proportionality argument, Rule 26 requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018). Defendant has identified non-trivial burdens associated with a full email-system ingestion and review, particularly for a small business as Defendant. ECF 33 at 10. At the same time, vendor communications relating to Plaintiff's lead and the campaign in which it arose are central to the issues in dispute. The solution consistent with Rule 26(b)(1) is not a categorical denial, but reasonable narrowing.

Accordingly, the Court grants the Motion to Compel with limitations. The Court will limit the compelled discovery to specific custodians, a reasonable time frame keyed to Plaintiff's alleged calls and the lead-generation period, and subject matter tied to Plaintiff and the relevant campaign. This approach aligns with the Eighth Circuit's burden principles while ensuring that discovery remains capable of uncovering facts relevant to agency, knowledge, and consent.

Therefore, Defendant must produce: all non-privileged communications with Health Choice Now that reference Plaintiff, his lead/Jornaya ID, or the specific campaign, and all non-privileged communications with Alvarado within a defined time frame that reference Plaintiff, his

lead/Jornaya ID, the relevant campaign, or the vendors/sub-vendors used to route calls to Defendant. The Motion to Compel is DENIED to the extent Plaintiff seeks all communications with any third party that provided Plaintiff's telephone number regardless of time or subject matter.

### B.   Sanctions

The Court next turns to sanctions. The Defendant was concerned about the purpose of the Plaintiff's discovery to obtain evidence for the currently pleaded claims. Although the Court is herein granting the Motion in part, it does not find that Defendant's objections were made in bad faith or that they were wholly unjustified. Defendant advanced a non-frivolous textual argument distinguishing RFP 11 from RFP 9 and raised facially reasonable proportionality concerns that, while not ultimately persuasive to the extent asserted, were not boilerplate or obstructive.

Under Rule 37(a)(5)(A), fee-shifting is inappropriate where the opposing party's position was substantially justified or where other circumstances make an award unjust. Given the mixed outcome of this Motion and the presence of legitimate interpretive and proportionality disputes, the Court finds Defendant's position substantially justified within the meaning of Rule 37. Accordingly, the Court will not award fees or expenses. In addition, the Court was concerned that counsel for Plaintiff provided a declaration stating that he recorded the portion of the meet and confer call immediately after Mr. Reisch used profanity. ECF 34-1. The Court was concerned about the ethical and legal implication of recording counsel. Within fourteen days of the filing of this Order, Plaintiff's counsel shall provide a Memorandum of Authorities to the Court addressing the appropriateness of his actions under state, federal, and ethical rules.

Clearly the attorneys did not have a successful meet and confer. The Court is concerned about lack of civility and effectiveness in providing value to the client when lawyers fail to use their professional skills to try and amicably and inexpensively resolve disputes. With respect to

sanctions under 28 U.S.C. § 1927 and the Court's inherent authority, the current record does not support findings of bad faith or intentional or reckless disregard of duties to the Court. The parties present materially different accounts of the October 6, 2025 conference, and the Court has not received evidence yet that would permit definitive findings as to counsel's conduct. Plaintiff's counsel will provide authority as to whether his actions were ethical and legal in the recording of opposing counsel at the meet and confer. The attorneys are reminded of their obligations of professionalism and civility. Any future conduct inconsistent with those obligations may warrant remedial action by the Court. If there are continuing problems, the parties can pay for a court reporter to ensure an accurate accounting of their interactions.

### C. Extension of Deadline to Amend

Finally, the Court concludes that good cause exists to extend the deadline to amend the Complaint to add parties. Defendant opposes the extension. Plaintiff states he "is yet unable to fully ascertain each of the three identified parties' involvement in the calling conduct alleged to craft an accurate Amended Complaint." ECF 32 at 14. The Court finds that Plaintiff has diligently pursued discovery directed at identifying the roles of Alvarado, Health Choice Now, and other vendors and has sought Court intervention when appropriate. The communications compelled by this Order could shed further light on which entities, if any, should be added as defendants.

Consistent with *Bradford* and *Sammons*, a modest extension tied to the completion of this targeted discovery is appropriate. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 320 F.R.D. 192, 198 (S.D. Iowa 2013) (holding party was sufficiently diligent in discovering new evidence, even though the deadline for amendments had passed).

Therefore, the Deadline to Amend the Complaint to Add Parties is extended to thirty days after Defendant provides complete responses to the discovery requests as ordered in this Ruling. This extension balances the need for Plaintiff to have an opportunity to evaluate the information provided with the interest in moving the litigation forward efficiently.

### III.  CONCLUSION AND DISPOSITION.

For the reasons set forth above, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. The Court concludes Defendant shall provide responses and/or responsive documents if any exist to Request for Production 11. Defendant shall conduct a reasonable search and within 30 days produce:

A. All non-privileged communications between Defendant and Health Choice Now that reference Plaintiff, Plaintiff's telephone number, Plaintiff's Jornaya ID, or the lead or campaign associated with Plaintiff's alleged calls; and

B. All non-privileged communications between Defendant and Alvarado Marketing Group, within a reasonable temporal window beginning sixty days prior to Plaintiff's alleged first call and ending sixty days after the last alleged call, that reference Plaintiff, Plaintiff's telephone number, Plaintiff's Jornaya ID,  the campaign or lead source associated with Plaintiff, or the vendors or sub-vendors used to generate, transfer, or route Plaintiff's call to Defendant.

Plaintiff's request for fees and expenses under Rule 37(a)(5)(A) is **DENIED**, as Defendant's objections were substantially justified, and the Motion has been granted only in part.

Plaintiff's request for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority is **DENIED WITHOUT PREJUDICE**. The attorneys are admonished to maintain civility and professionalism in all future discovery communications. Within fourteen days of the filing of this Order Plaintiff's counsel shall provide a Memorandum of Authorities to the Court addressing the

appropriateness of his actions under state, federal, and ethical rules.

Plaintiff's Motion to Extend the Deadline to Amend the Complaint to Add Parties is **GRANTED**. Plaintiff shall have thirty days from the date Defendant completes the productions required by this Order to file any motion for leave to amend.

**IT IS SO ORDERED.**

DATED: January 7, 2026.

_____
William P. Kelly
UNITED STATES MAGISTRATE JUDGE