IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MONTWAIN CARTER, on behalf of himself and others similarly situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>HEALTH INSURANCE KING AGENCY, LLC :<br><br>Defendant. : | CIVIL ACTION FILE NO.<br>3:25-cv-00005-SHL-WPK<br><br><br><br><br>**JURY TRIAL DEMANDED** |

### Memorandum Of Authorities

Pursuant to the Court's Order dated January 7, 2026 (ECF No. 37), counsel for Plaintiff, Andrew Perrong, submits the requested Memorandum of Authorities outlining the appropriateness of counsel's actions in recording opposing counsel under state, federal, and ethical rules. Counsel respectfully submits that his actions of recording opposing counsel, and disclosing the same, immediately after opposing counsel used profanity, was appropriate under all three standards:

State Law

Three state interests are potentially implicated in the subject conduct: Iowa, where this action is pending, Texas, where Defendant's counsel is located, and Pennsylvania, where Plaintiff's counsel is located. Both Texas and Iowa adopt one party consent regimes, which permit recording of telephone calls, so long as one party to the call, such as Plaintiff's counsel, consents. TEX. PENAL CODE § 16.02(3)(A); IOWA CODE ANN. §808B.2(2)(b). Although Pennsylvania adopts a two party consent regime, it does not apply in this instance for several

1

reasons. 57 PA. CONS. STAT. § 5703. First, and most importantly, by stating "let me make sure that I have this, so that I can put this in, in communication with the court," ECF 34-1 at 4, Plaintiff's counsel informed Defendant's counsel he was recording the call. 57 PA. CONS. STAT. § 5703(4), and by continuing on the call, Defendant's counsel provided his implied consent. *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 132 (3d Cir. 2022). Second, the only person arguably subject to Pennsylvania's statue, Plaintiff's counsel, was located in Pennsylvania, and Plaintiff's counsel consented. *Id.* at 130 (conducting conflict of law analysis). Third and finally, Pennsylvania's statute is subject to a number of exceptions, including excluding telephones from the definition of a device that is subject to the Act, 57 PA. CONS. STAT. § 5702(1) (defining "Electronic, mechanical or other device"), and quality control and monitoring of service-oriented businesses. 57 PA. CONS. STAT. § 5703(15).

So, for the foregoing reasons, Plaintiff's counsel's action of recording Defendant's counsel's statements made in Texas for litigation proceeding in Iowa, after informing Defendant's counsel of the same, violated no state statute.

<u>Federal Law</u>

The recording of interstate wire communications is governed by the Electronic Communications Privacy Act. The ECPA, like Iowa and Texas law, is a one party consent regime and permits recording interstate telephone calls, so long as at least one party consents. 18 U.S.C. § 2511(2)(c). Moreover, some courts recognize that the ECPA preempts more restrictive state statutory regimes when interstate communications are recorded. *In re Google Inc. St. View Elec. Commc'ns Litig.*, 794 F. Supp. 2d 1067, 1085 (N.D. Cal. 2011); *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1154 (C.D. Cal. 2007). So, because the recording was an

interstate wire communication that, moreover, was preempted by federal law, the subject conduct violated no federal statute.

### Ethical Rules

No part of the Federal Rules of Civil Procedure address recording conversations with counsel. The Local Rules for the Southern District of Iowa address and prohibit audio and video recording "in the courtroom and its environs," LR 83C(a), but the offices of counsel or the telephone during a meet and confer not involving the Court are not included in the Rule's definition of an "environ" of the courtroom. LR 83C(c). To the contrary, Plaintiff has located at least two instances in which a court has *required* opposing counsel to record their meet and confer conversations with each other in TCPA litigation. *Berman v. Freedom Fin. Network*, No. 18-cv-01060-YGR (JSC), ECF 128, (N.D. Cal. Jan. 7, 2019) ("To avoid future disputes as to what did and did not happen during the parties' meet and confer proceedings, future telephonic and in-person meet and confer proceedings shall be recorded."); *Blair v. CBE Grp., Inc.*, 309 F.R.D. 621, 626 n.3 (S.D. Cal. 2015) ("In an effort to reign the parties in and 'force' them to at least meet and confer, the Court ordered the parties to videotape their meet and confer session, which they did.").

Turning to state rules of professional conduct, neither Pennsylvania, Texas, or Iowa's ethical rules explicitly address the propriety of recording conversations involving clients or counsel at all. In Formal Opinion 01-422, the American Bar Association clarified that "the mere act of secretly but lawfully recording a conversation" should not violate any rule of professional conduct. Indeed, in response to that opinion, the Texas Center for Legal Ethics issued an Advisory Opinion, Opinion 575, which explicitly states that the "Texas Disciplinary Rules of

Professional Conduct do not generally prohibit a lawyer from making undisclosed recordings of telephone conversations in which the lawyer is a party."

So, for the foregoing reasons, the subject conduct violated no ethical rule and has been relief explicitly required by some courts in response to discovery disputes.

RESPECTFULLY SUBMITTED AND DATED this January 21, 2026.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong