IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| MONTWAIN CARTER, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 3:25-cv-00005-SHL-WPK |
| Plaintiff, | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| HEALTH INSURANCE KING AGENCY, LLC | : : : | |
| Defendant. | : : | |

## MOTION AND BRIEF IN SUPPORT OF MOTION
## FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Montwain Carter respectfully moves this Court to file the Amended Complaint attached herein as Exhibit A. A redline copy of the Complaint is attached herein as Exhibit B. As support thereof, the Plaintiff will rely on his memorandum of law and points and authorities in support thereof.

## BRIEF IN SUPPORT

Plaintiff respectfully seeks leave of court to amend his class action complaint to add in as Defendants Alvarado Marketing Group, Inc. and Health Choice Now, whom Plaintiff alleges directly placed the subject calls at issue, which were then transferred directly to Defendant HIK, and which Defendant HIK used to directly sell the Plaintiff the Defendant's goods and services. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

1

**FACTS AND PROCEDURAL HISTORY**

As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Discovery, including through two motions to compel, has revealed that the Defendant, Health Insurance King, entered into a contract with one of the Defendants sought to be added through amendment, Alvarado, which, in turn, contracted with the other Defendant sought to be added through amendment, Health Choice Now, to send the calls at issue alleged in the Complaint, which would then be transferred to HIK. Plaintiff now seeks leave to amend his complaint within the time permitted by the Court's order, ECF No. 37, to assert claims against Alvarado and Health Choice Now.

As a result of discovery, in the Amended Complaint, the Plaintiff alleges a direct liability cause of action as against Alvarado and Health Choice Now for the calls Plaintiff received from Alvarado and Health Choice Now selling HIK's services, and a vicarious liability cause of action as against HIK for the calls Alvarado and Health Choice Now placed on its behalf. In so doing, the Plaintiff is merely alleging that Alvarado and Health Choice Now are directly liable for the calls that have been at issue in this case from the beginning. The amendment adds no additional claims as against any Defendant, but merely clarifies the relationship between the parties and the entities whom discovery has revealed physically placed the calls at issue.

**LAW AND ARGUMENT**

A. *Amendment is proper to appropriately allege who is directly and vicariously liable.*

"[U]nder federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674, 193 L. Ed. 2d 571 (2016). Vicarious liability is a critical component to the TCPA's enforcement, as the FCC explained in *In re The Matter of Joint Petition Filed by Dish Network, et al.*, 28 F.C.C. Rcd. 6574, 6584 (2013):

> [W]e see no reason that a seller should not be liable under [227(c)] for calls made by a third-party telemarketer when it has authorized that telemarketer to market its goods and services. In that circumstance, the seller has the ability, through its authorization, to oversee the conduct of its telemarketers, even if that power to supervise is unexercised. *Id.* at 6593

> [T]he seller is in the best position to monitor and police TCPA compliance by third-party telemarketers. . . . [P]otential seller liability will give the seller appropriate incentives to ensure that their telemarketers comply with our rules. By contrast, allowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions . . . absent the application of agency-related principles, the seller (in this instance) would benefit from undeterred unlawful acts, and the statute's purpose would go unrealized.

At the outset of this litigation, HIK claimed that the Plaintiff made an inbound call to HIK. But that representation was not entirely accurate. Through the two motions to compel which Plaintiff filed, HIK revealed, through discovery, that it hired the Defendant sought to be added, Alvarado, to send live call transfers to HIK. And HIK also revealed that Alvarado then subcontracted with Health Choice Now to actually physically place the calls at issue, which would then be transferred through Alvarado to HIK. Through discovery, HIK made the following representations as to the parties' relevant relationship:

"With regard to vendors, Health Insurance King contracts exclusively with Alvarado Marketing Group, Inc. for the provision of potential customer leads. Alvarado Marketing Group has never had any campaign to make outbound calls to Plaintiff on behalf of Health Insurance King. Health Insurance King does not believe Alvarado Marketing Group has a dialing system to make calls. Alvarado Marketing Group directs its own vendor/contractor to forward calls to Health Insurance King."

"Alvarado Marketing Group obtains potential customer leads from Health Choice Now, LLC and provides those leads as calls forwarded to Health Insurance King."

"To the best of Health Insurance King's knowledge, the leads provided by Alvarado Marketing Group to Health Insurance King originate solely from Health Choice Now, LLC."

Based on these developed facts as now known to the Plaintiff, and as more fully articulated in the Amended Complaint, the amendment advances a theory of the case that makes

3

clear that Alvarado and Health Choice Now physically called the Plaintiff to sell HIK's services, which Alvarado then transferred during the same call to HIK, and which HIK ultimately used to attempt to complete the sale of its services. As a result, the Second Amended Complaint asserts a theory of direct liability as against Alvarado and Health Choice Now and a theory of vicarious liability as against HIK. As such, the proposed amendment is necessary to conform the pleadings to the evidence developed in discovery, including that HIK subsequently identified that Alvarado and Health Choice Now *transferred* the calls to it, which would mean that Health Choice Now, acting at Alvarado's direction, placed them as an initial matter. What's more, only by adding Alvarado and Health Choice Now as an additional defendant will the Court be able to "accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). Plaintiff now alleges, with the benefit of discovery, that Alvarado and Health Choice Now physically placed the calls at issue, and that HIK is vicariously liable for that conduct. As the party actually committing the allegedly tortious conduct at issue, Alvarado and Health Choice Now are also indispensable parties requiring joinder.

Moreover, discovery has not closed and the Court has already granted the Plaintiff to seek to amend, which Plaintiff is doing in time. As a result, an amendment would not prejudice HIK; it would only cause HIK to be held to account for actions on a theory of vicarious, as opposed to direct, liability. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to add Alvarado and Health Choice Now.

B.  *Justice requires the amendment, which does not prejudice HIK.*

Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's

4

request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors are present here.

First, as explained above, there is no additional prejudice to HIK, who was in the litigation as an initial matter and is now being sued under a theory of vicarious, as opposed to direct, liability. Moreover, HIK cannot claim prejudice as a result of identifying, in discovery, what happened, that it received a transferred call from Alvarado and Health Choice Now, and that Alvarado and Health Choice Now placed the subject call. HIK knew all along that Alvarado and Health Choice Now transferred the subject call to it and knew the relationship as between the parties that had to be revealed through discovery. The scope of discovery in this case is and has been the same all along and within HIK's knowledge the whole time, whether or not Alvarado and Health Choice Now are part of the case.

Second, the amendment is not done for undue delay, bad faith, or a dilatory motive. The Parties are not on the eve of trial, discovery has not closed, and the deadline to certify the class has not yet passed. Indeed, the Plaintiff is seeking to amend within the constraints of the Court's deadline. The amendment is merely done to conform the pleadings to the evidence that has been adduced in this litigation. To establish prejudice, the nonmoving party bears the burden, *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000), of proving some form of prejudice, such as the addition of "substantially different claims arising from fundamentally different facts" *Fuller v. Sec'y of Def. of U.S.*, 30 F.3d 86, 89 (8th Cir. 1994), or after discovery has closed. *Hammer v. City of Osage Beach, MO*, 318 F.3d 832, 844 (8th Cir. 2003). That is plainly not the case here, where the case is still in discovery, where Defendant had notice of the

proposed amendment, where the parties sought to be added were already within Defendant's knowledge, and where the Court has already entertained an extension of the time to seek leave.

Finally, there is no clear futility. In sum, when evaluating the futility of an amendment, this Court must determine not the likelihood of success but rather only evaluates whether the claim is "clearly frivolous." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 944 (8th Cir. 2000) Here, the Plaintiff alleges a plain claim for direct liability against Alvarado and Health Choice Now, and a vicarious liability claim against HIK, which would not be futile, since vicarious liability in the TCPA context is ordinarily an issue that requires extensive discovery and is not resolvable at the pleadings stage. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, No. CIV.A. 11-2658 JBS, 2014 WL 4755487, at *7 n.5 (D.N.J. Sept. 24, 2014); *McLaren v. UPS Store, Inc.*, No. CV 21-14424 (RMB/MJS), 2025 WL 3238934, at *15 (D.N.J. Nov. 20, 2025). Moreover, multiple courts in the TCPA context have already held that amendment of pleadings in TCPA cases to conform to the evidence is an appropriate, non-futile reason to grant amendment. *E.g.*, *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 788 (E.D. Mich. 2020); *Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 199 (E.D. Pa. 2021) (granting amendment to rectify a pleading deficiency); *Hastings v. Triumph Prop. Mgmt. Corp.*, No. 216CV00213JADPAL, 2017 WL 388809, at *3, *4 (D. Nev. Jan. 26, 2017) (granting amendment that added an additional party as a primary defendant).

Most importantly, denying leave here would force an inefficient, duplicative alternative. If Plaintiff is not permitted to amend his Complaint in this action, Plaintiff's only realistic option is to dismiss without prejudice as of right and refile again, alleging the very complaint he seeks to have in amendment, be forced to re-serve Defendants, and possibly go through yet another round of briefing on arguments regarding discovery. That is the opposite of judicial economy.

Granting leave allows the parties and the Court to resolve claims arising from the same conduct against the party alleged to have committed it in one forum, on one schedule, with one discovery record, precisely what Rule 15's liberal amendment policy is designed to facilitate. For the foregoing reasons, the Court should hold that justice requires the amendment and grant the motion accordingly. The Court should "freely give leave" for the Plaintiff to do so. Under the circumstances here and procedural posture, amendment would not be futile, would conform the evidence to the pleadings, and permit this litigation to proceed in due course.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Court grant leave for the Plaintiff to file the Amended Complaint as the operative Complaint in this matter.

RESPECTFULLY SUBMITTED AND DATED this 21st day of February, 2026.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> PA Bar #333687
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: February 21, 2026

                                                 */s/ Andrew Roman Perrong*
                                                 Andrew Roman Perrong, Esq.
                                                 PA Bar #333687
                                                 Perrong Law LLC
                                                 2657 Mount Carmel Avenue
                                                 Glenside, Pennsylvania 19038
                                                 Phone: 215-225-5529 (CALL-LAW)
                                                 Facsimile: 888-329-0305
                                                 a@perronglaw.com