**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| MONTWAIN CARTER, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> HEALTH INSURANCE KING AGENCY, LLC, ALVARADO MARKETING GROUP, INC., AND HEALTH CHOICE NOW, LLC, <br><br> *Defendants*. | No. 3:25-cv-00005-SHL-WPK <br><br><br> **UNOPPOSED MOTION TO EXTEND DEFENDANT HEALTH CHOICE NOW, LLC'S DEADLINE TO ANSWER OR OTHERWISE PLEAD** |

**COMES NOW** Defendant Health Choice Now, LLC, an affiliated entity of What If Holdings, LLC ("What If") and, in support of its Unopposed Motion to Extend the Deadline to Answer or Otherwise Plead pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 7(j), states:

1.      On January 14, 2025, Plaintiff Montwain Carter initiated this lawsuit by filing a Complaint against Defendant Health Insurance King, LLC ("Health Insurance King"). (DE 1)

2.      On February 26, 2026, Plaintiff filed an Amended Complaint, naming What If and Alvarado Marketing Group, Inc. ("Alvarado Marketing" and, together with What If and Health Insurance King, "Defendants") as defendants (DE 45).

3.      On February 27, 2026, What If executed a waiver of service of a summons (DE 46).

4.      Therefore, the current deadline for What If to file its answer or other responsive pleading is April 28, 2026.

5.      What If has neither previously sought nor received an extension of the responsive pleading deadline.

1

6.      Upon investigation of Plaintiff's claims, What If has confirmed that Plaintiff has repeatedly agreed that he would arbitrate any disputes with What If. Specifically, What If's records show more than thirty separate interactions with its websites by Plaintiff that included acceptance of contractual terms that included arbitration of disputes such as the claims at issue in this action. Upon that record, What If argues that this Court lacks jurisdiction over any dispute between Plaintiff and What If; thus, it intends to timely file a Motion to Compel Arbitration on or before April 28, 2026.

7.      Counsel for What If met and conferred with Plaintiff's counsel in good faith regarding its record and proposed that the parties voluntarily agree to stay this action and shift Plaintiff's claims against What If to arbitration. Upon consideration of that proposal, Plaintiff's counsel confirmed that Plaintiff intends to oppose the forthcoming Motion to Compel Arbitration.

8.      For efficiency of the Court and parties, What If proposed to adjourn the deadline for its answer, motion, or other pleading in response to the Amended Complaint until twenty-one (21) days after the threshold jurisdictional issue is resolved.

9.      After conferring with Plaintiff's counsel, Plaintiff consents to the proposed extension.

10.     Counsel for What If also met and conferred with counsel for co-defendants Health Insurance King and Alvarado Marketing, who have likewise stated that they consent to the proposed extension.

11.     Such an extension is in the interest of justice and will not prejudice any party.

12.     Therefore, What If now seeks an extension of its deadline to answer or otherwise plead in response to the Amended Complaint to the date falling at least twenty-one (21) days after

the latter of the date on which the Court denies What If's Motion to Compel Arbitration or the date upon which the arbitration of Plaintiff's claims against What If are completed.

13.     On January 13, 2026, prior to Plaintiff's filing of the Amended Complaint to add What If to the case, the Court entered a schedule setting the following deadlines: (1) an April 23, 2026 deadline for Defendants' expert witness disclosures; (2) an April 28, 2026 deadline for Defendants to file answers and/or other responsive pleadings to Plaintiff's Amended Complaint; (3) a May 8, 2026 deadline for Plaintiff's rebuttal witness disclosures; (4) a May 22, 2026 deadline for the completion of discovery; (5) a May 29, 2026 deadline for dispositive motions; (6) a Final Pretrial Conference scheduled for October 23, 2026; and (7) a Jury Trial scheduled to commence on November 9, 2026. (DE 40). If the Court grants this motion, the existing parties can proceed with discovery on the issues properly before the Court without need to revise the current timeline to address the dispute between Plaintiff and What If that should be heard in arbitration. Alternatively, if this adjournment request is denied, What If and the parties would expend resources addressing issues that may not be properly before this Court and that could cause more issues as the case proceeds.

**WHEREFORE**, What If respectfully requests that the deadline for filing an answer or other responsive pleading be extended to the date falling twenty-one (21) days after the latter of the date on which the Court denies What If's Motion to Compel Arbitration or the date upon which the arbitration of Plaintiff's claims against What If are completed.

Respectfully submitted,

Dated:   April 22, 2026                    FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Jesse Linebaugh*

Jesse Linebaugh
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: 515-248-9000
Jesse.linebaugh@faegredrinker.com

Paul A. Rosenthal (*pro hac vice* forthcoming)
Krista N. Hartrum (*pro hac vice* forthcoming)
600 Campus Drive
Florham Park, NJ 07932
paul.rosenthal@faegredrinker.com
krista.hartrum@faegredrinker.com

*Attorneys for Defendant Health Choice Now, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, thereby serving a copy on all counsel of record.

*/s/ Jesse Linebaugh*