**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| **MONTWAIN CARTER, individual and on behalf of all other similarly situated**<br><br>    **Plaintiff,**<br><br>**v**<br><br>**HEALTH INSURANCE KING AGENCY, LLC**<br><br>    **Defendant.** | **NO. 3:25-cv-00005-SHL-WPK** |

**DEFENDANTS HEALTH INSURANCE KING, LLC AND
ALVARADO MARKETING GROUP, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES**

This answer is made subject to Defendants' motion to dismiss and challenge to this Court's personal jurisdiction over them and Defendants do not intend to waive that motion or challenge by answering.

**NATURE OF ACTION**

1.    Paragraph 1 is not a factual allegation related to Plaintiff that can be admitted or denied.

2.    Paragraph 2 is not a factual allegation related to Plaintiff that can be admitted or denied.

3.    Defendants deny the allegations in Paragraph 3.

4.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5.    Defendants deny the allegations in Paragraph 5.

## PARTIES

6.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.    Defendants admit Health Insurance King, LLC is a Texas-based health insurance agency but deny the remaining allegations in Paragraph 7.

8.    Defendants admit Alvarado Marketing Group, Inc. is a Texas-based company that contracted with Health Insurance King, but deny the remaining allegations in Paragraph 8.

9.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.    Defendants admits federal question jurisdiction exists but denies the remaining allegations in Paragraph 10.

11.    Defendants deny the allegations in Paragraph 11.

12.    Defendants deny the allegations in Paragraph 12.

## TCPA BACKGROUND

13.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.    Paragraph 14 is not a factual allegation related to Plaintiff that can be admitted or denied.

15.    Paragraph 15 is not a factual allegation related to Plaintiff that can be admitted or denied.

16.    Paragraph 16 is not a factual allegation related to Plaintiff that can be admitted or denied.

17.    Paragraph 17 is not a factual allegation related to Plaintiff that can be admitted or denied.

## FACTUAL ALLEGATIONS

18. Defendants admit the allegations in Paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in relation to Health Choice Now in Paragraph 27, but Defendants admit they have never done business with Plaintiff.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendant admits that Timothy Reese is an employee of Defendant but denies the remaining allegations in Paragraph 34.

35.     Defendants admit the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in relation to Health Choice Now in Paragraph 42, but Defendants admit they have never done business with Plaintiff.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants admit that Alvarado contracted for call transfers from Health Insurance Now and transferred those calls to Health Insurance King, but denies the remaining allegations of Paragraph 56.

57.     Defendants admit that Alvarado contracted for call transfers from Health Insurance Now and transferred those calls to Health Insurance King, but denies the remaining allegations of Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants admit the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Paragraph 72 is not a factual allegation related to Plaintiff that can be admitted or denied.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

## CLASS ACTION ALLEGATIONS

79. Defendant admits that plaintiff has brought an action on behalf of himself but denies the remaining allegations in Paragraph 79.

80. Paragraph 80 is not a factual allegation that can be admitted or denied. But to the extent a response is required, Defendants deny the allegations in Paragraph 80 and denies that a class can be properly defined, certified, or maintained under the proposed definition.

81. Defendants deny the allegations in Paragraph 81.

82. Paragraph 82 is not a factual allegation that can be admitted or denied.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants admit the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

## FIRST CAUSE OF ACTION

94. Defendant incorporates its prior responses to paragraphs 1-93.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in its Prayer.

## AFFIRMATIVE DEFENSES

1. Defendants contest that this court has personal jurisdiction over them. Defendants are not subject to the general jurisdiction of this Court because it is not an Iowa entity and does not maintain its principal place of business in Iowa. Defendants are not subject to the specific jurisdiction of this Court because they did not place the calls to Plaintiff on which the complaint is based, do not own the telephone numbers from which the calls were allegedly placed, do not have any agency relationship as alleged, and did not ratify any conduct as alleged.

2.      Defendants are not liable because the have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the laws under which Plaintiff is suing.

3.      Defendants are not liable because Plaintiff would have consented to any calls placed to him.

4.      Plaintiff and members of the purported class lack standing because they cannot show a concrete and particularized invasion of a legally protected interest because, among other reasons, the complaint seeks to recover for calls even if the recipient did not answer the call and was not even present at the time the call was made.

Respectfully submitted,

**SPENCER FANE LLP**

By: */s/ Brian W. Zimmerman*
Brian W. Zimmerman
(Admitted *Pro Hac Vice*)
bzimmerman@spencerfane.com
Nicholas J. Reisch
(Admitted *Pro Hac Vice*)
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Phone: (713) 552-1234
nreisch@spencerfane.com

Tara E. Holterhaus, AT0013780
Spencer Fane LLP
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Phone: (402) 501-6770
tholterhaus@spencerfane.com

**ATTORNEYS FOR DEFENDANTS HEALTH INSURANCE KING AGENCY, LLC AND ALVARADO MARKETING GROUP, INC.**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing to be served upon all counsel of record via electronic filing procedures on April 28, 2026.

*/s/ Brian W. Zimmerman*
Brian W. Zimmerman