IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MONTWAIN CARTER, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> HEALTH INSURANCE KING AGENCY, LLC, ALVARADO MARKETING GROUP, INC., AND HEALTH CHOICE NOW, LLC, <br><br> *Defendants*. | Case No. 3:25-cv-00005-SHL-WPK <br><br><br> **DEFENDANT HEALTH CHOICE NOW, LLC'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL ARBITRATION** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................... 1

II.  ARGUMENT .................................................................................................................... 1

      A.   The Opposition Ignores the First Screen Required to Enter What If's
            Websites, Where Plaintiff Agreed on 38 Occasions to Arbitrate Disputes ............. 1

      B.   Plaintiff's Declaration Does Not Create a Genuine Dispute of Fact ...................... 3

      C.   The Opposition's Scope Arguments Should Be Left to the Arbitrator ................... 5

III. CONCLUSION .................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Armour and Co., Inc. v. Inver Grove Heights*,
   2 F.3d 276 (8th Cir. 1993) ..............................................................................................3

*Campbell v. Kraft Heinz Food Co.*,
   465 F. Supp. 3d 918 (S.D. Iowa 2020) .........................................................................3

*Carter v. Managed Care of N. Am., Inc.*,
   Case No. 2:23-cv-61065 (S.D. Fla.) ..............................................................................5

*Carter v. Managed Care of N. Am., Inc. et al.*,
   Case No. 2:23-cv-61158 (S.D. Fla.) ..............................................................................5

*Carter v. Vitality Guard Ins. LLC*,
   3:25-cv-00045 (S.D. Iowa) ...........................................................................................5

*Conrad v. Camping World Holdings, Inc.*,
   2025 WL 66689 (N.D. Ala. Jan. 9, 2025) (Opp. 15) ....................................................4

*Davis v. Clear Health, LLC*,
   2024 WL 4041421, at *7 (N.D. Ohio Sept. 4, 2024).....................................................4

*Gaker v. Citizens Disability, LLC*,
   654 F. Supp. 3d 66, 73 (D. Mass. 2023) .......................................................................3

*Hobbs v. Apollo Interactive, Inc.*,
   2019 WL 6878863, at *2 (M.D. Ga. Dec. 17, 2019) .....................................................4

*Jones v. Experian Info. Sols, Inc.*,
   2025 WL 227198 (D. Minn. Jan. 7, 2025).....................................................................2

*Keiran v. Home Capital, Inc.*,
   858 F.3d 1127 (8th Cir. 2017) ......................................................................................3

*Rojas v. GoSmith, Inc.*,
   2020 WL 831585, at *3 (N.D. Ind. Feb. 20, 2020)....................................................2, 3

*Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*,
   558 F.3d 731 (8th Cir. 2009) ........................................................................................2

*Troia v. Tinder, Inc.*,
   2020 WL 619855, at *1, 2 (E.D. Mo. Feb. 10, 2020).....................................................2

**Statutes, Rules & Regulations**

E-SIGN Act............................................................................................................................5

Defendant Health Choice Now, LLC, an affiliated entity to What If Holdings LLC ("What If"), by and through its undersigned counsel, hereby provides this Reply Brief in response to Plaintiff's Opposition (Dkt. No. 66, "Opp.") and in Further Support of the Motion to Compel Plaintiff Montwain Carter's claims to arbitration and stay this case (Dkt. No. 52, "Mtn.").

## I.   INTRODUCTION

Unable to reasonably dispute What If's evidence that Plaintiff agreed to arbitrate disputes with What If, the Opposition attacks contract formation on two baseless grounds: First, Plaintiff mostly ignores the initial steps that Plaintiff took to access What If's websites. Specifically, on 38 occasions between February 9, 2022 and May 29, 2025 (37 of which occurred prior to the alleged December 2, 2024 call that stands as the factual predicate for Plaintiff's claims against What If), Plaintiff clicked a button to enter a What If website after being notified that doing so manifested his agreement to the website's Terms, which included an arbitration agreement. Second, Plaintiff attempts to counter the business records provided with the Declaration of What If's Chief Compliance Officer Ben Zitter with Plaintiff's conclusory statements that lack any corroborative evidence. The admissible record establishes that Plaintiff agreed to arbitrate disputes with What If and any remaining questions concerning scope should be delegated to the arbitrator.

## II.   ARGUMENT

### A.   The Opposition Ignores the First Screen Required to Enter What If's Websites, Where Plaintiff Agreed on 38 Occasions to Arbitrate Disputes

The Opposition argues that the parties' arbitration agreement is unenforceable because it was presented as an unenforceable "browsewrap" agreement. (Opp. 7–12.) To prop up this argument, the Opposition essentially ignores the webforms where Plaintiff agreed to the Terms on 38 occasions (Zitter Decl. ¶¶ 13, 18), while including screenshots (Opp. 9) of the agreements to be called that were presented *after* Plaintiff already had agreed to the Terms.

The Opposition is wrong in its assertion that this "is therefore not a case in which 'the user sees the list of the terms and conditions before accepting them.'" (Opp. 9.) To the contrary, on each of the 38 occasions when Plaintiff agreed to the Terms, Plaintiff was informed that "By clicking the button below, I confirm I am over 18 and I agree to: (1) the Terms and Conditions . . ." and then he clicked the button below and adjacent to that disclosure. (Mtn. 10–11; Zitter Decl. ¶¶ 13, 19.)  The Opposition also asserts that a checkbox or "I agree" button is necessary to create a binding arbitration contract. (Opp. 8–10.) That assertion is meritless. "Web-based agreements . . . are generally upheld so long as reasonable notice has been provided that a click will manifest assent to the agreement." *Jones v. Experian Info. Sols, Inc.*, 2025 WL 227198, at *2 (D. Minn. Jan. 7, 2025). For example, in *Jones* the court compelled arbitration finding the user's click of a "Submit Secure Order" button provided "clear notice that continuing with an online transaction constitut[ed] agreement." *Id.* Similarly, in *Troia v. Tinder, Inc.*, the court found clicking a "Create a New Account" button was sufficient when presented adjacent to the disclosure: "By creating an account or logging in, you agree to our Terms and Privacy Policy." 2020 WL 619855, at *1, 2 (E.D. Mo. Feb. 10, 2020). Plaintiff does not dispute that only by clicking the button and thereby providing his agreement could Plaintiff have proceeded on the website to reach the agreements to be called that are highlighted in the Opposition. (Zitter Decl. ¶¶ 13, 18, 21, 23, 26.)[1]

Thus, the Opposition's arguments and case citations concerning "unenforceable browsewrap" (Opp. 8–12) are inapposite. For example, in *Rojas v. GoSmith, Inc.* (Opp. 10-11), the court rejected arbitration because "no text informed [the user] that, by clicking the button, he

---

[1] Because the Opposition omits any substantive discussion of the page Plaintiff necessarily viewed to enter the websites, where he agreed to arbitrate any disputes with What If (Mtn. 10–11), that record stands unopposed. *See Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (confirming failure to oppose a basis for relief constitutes a waiver).

was agreeing to a contract" 2020 WL 831585, at \*3 (N.D. Ind. Feb. 20, 2020); however, that is materially distinguishable from the disclosure here that expressly informed users that "by clicking the button below" they "agree" to the Terms. (Zitter Decl. ¶¶ 13, 18.) Similarly, in *Gaker v. Citizens Disability, LLC* (Opp. 11), the court confirmed it "will give effect to [its] terms where the button required to perform the action manifesting assent . . . is located directly next to a hyperlink to the terms and a notice informing the user that, by clicking the button, the user is agreeing to those terms." 654 F. Supp. 3d 66, 73 (D. Mass. 2023). Courts in this District routinely find such agreements enforceable. (*See* Mtn. 10.) There is no valid basis for ignoring the Motion's contract formation evidence.

## B.     Plaintiff's Declaration Does Not Create a Genuine Dispute of Fact

Plaintiff offers no evidence undermining the accuracy of What If's recordkeeping, including the personal information entered through What If's websites. (Opp. 12–16.) Plaintiff correctly asserts that "[w]hen the parties rely on materials outside the pleadings, the Court applies a summary judgment standard" (Opp. 6), but Plaintiffs' arguments are based on self-serving allegations without any probative evidence. "A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Campbell v. Kraft Heinz Food Co.*, 465 F. Supp. 3d 918, 924 (S.D. Iowa 2020); *Keiran v. Home Capital, Inc.*, 858 F.3d 1127, 1131–32 (8th Cir. 2017). Plaintiff fails to offer anything to meet that requirement.

Plaintiff's unsupported statements cannot, standing alone, create a genuine issue of fact. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993) (confirming conclusory personal statements without support are insufficient to defeat summary judgment). While Plaintiff points to cases where "sworn specific evidence . . . creates a factual dispute on formation" (Opp. 13), each is distinguishable because they relied on evidence corroborating the

3

plaintiff's declarations that is not proffered here. For example, in *Davis v. Clear Health, LLC* (Opp. 14), the Court found a dispute of fact concerning whether the plaintiff obtained his telephone number after the relevant website visits. 2024 WL 4041421, at *7 (N.D. Ohio Sept. 4, 2024);[2] *see also Conrad v. Camping World Holdings, Inc.*, 2025 WL 66689, at *2 (N.D. Ala. Jan. 9, 2025) (Opp. 15) (relying on account screenshot demonstrating telephone number activation was after the purported consent date). Similarly, in *Hobbs v. Apollo Interactive, Inc.* (Opp. 15), the plaintiff submitted screenshots in his declaration to substantiate that he was working and driving home at the time of the purported online agreement's submission. 2019 WL 6878863, at *2 (M.D. Ga. Dec. 17, 2019).

Here, Plaintiff does not dispute that the detailed personal information—including name, physical address, email address, phone number, and date of birth—entered through What If's websites is his. Instead, Plaintiff offers conclusory statements concerning his purported telephone operating system, service provider, and IP address from three years ago, without a single document, record, or screenshot in support. (Carter Decl. ¶¶ 16, 17, 18.) Similarly, he denies ever visiting any What If websites, even from four years ago, without providing any browser history, account records or support for that statement. (*Id.* ¶¶ 7–9, 12.)[3] The information that Plaintiff purports to recall—including specific IP addresses, phone operating systems, and specific website visits from years ago—is not the type of information a person would ordinarily know or remember.

---

[2] Plaintiff also asserts that the *Davis* court "credited the plaintiff's averment that it would have been impossible for him to visit the website for three seconds, as Mr. Zitter's Event Log indicates" (Opp. 14); however, the three second recording does not (and is not intended to) account for the entire time Plaintiff was on that website inputting his information or navigating the website; rather, the software only saves a limited segment to affirm that agreement to be called was submitted. *See* 2024 WL 4041421, at *4.

[3] Plaintiff asserts that the IP address is associated with the internet provider MetroNet without any corroborating evidence, and then in a similarly conclusory manner, denies that MetroNet is his internet provider. (Carter Decl. ¶ 17.) That is not sufficient to constitute a reliable denial.

Plaintiff offers no corroborative evidence for these statements or identifies any records he reviewed before making them.

Finally, Plaintiff asserts that he "ha[s] no interest in, and has never searched for class action settlements or any 'class action' website" (*id.* ¶ 6), despite asking this Court to represent a putative class and previously having filed at least three other, similar putative class action lawsuits.[4] The Opposition, and its unsupported declaration from Plaintiff, does not offer "sufficient probative evidence" to create a genuine dispute of fact regarding contract formation.

### C. The Opposition's Scope Arguments Should Be Left to the Arbitrator

Plaintiff asserts three additional arguments in an effort to reject the binding nature of the arbitration agreement (Opp. 16–20), each of which is materially flawed but also presents a question of scope or enforcement for the arbitrator. *First*, Plaintiff challenges whether the arbitration agreement covers a dispute with Health Choice Now (Opp. 17), which is an affiliated entity under common control of What If Media Group (Zitter Decl. ¶ 4), and as seen in Ex. B, is encompassed by the definition of "Company;" thus, this is a question concerning the scope of the Terms, and not contract formation. *Second*, whether the E-SIGN Act nullifies, or is even applicable to, the arbitration agreement (Opp. 18–20) is a question of enforceability not formation. *Third*, and similarly, whether the TCPA claims fall within or outside the arbitration clause (Opp. 20) is quintessentially a question of scope delegated to the arbitrator.

## III. CONCLUSION

For these reasons, and those set forth in the Motion, What If respectfully requests the Court compel Plaintiff to arbitrate his claims against What If and stay this action as to What If.

---

[4] *Carter v. Managed Care of N. Am., Inc. et al.*, Case No. 2:23-cv-61158 (S.D. Fla.) (consolidated with Case No. 2:23-cv-61065); *Carter v. Managed Care of N. Am., Inc.*, Case No. 2:23-cv-61065 (S.D. Fla.) (pending class action settlement); *Carter v. Vitality Guard Ins. LLC*, 3:25-cv-00045 (S.D. Iowa) (voluntarily dismissed).

Respectfully submitted,

Dated:    June 9, 2026                    FAEGRE DRINKER BIDDLE & REATH LLP

                                         /s/ Paul A. Rosenthal
                                         Paul A. Rosenthal (admitted *pro hac vice*)
                                         600 Campus Drive
                                         Florham Park, NJ 07932
                                         paul.rosenthal@faegredrinker.com

                                         Jesse Linebaugh
                                         801 Grand Avenue, 33rd Floor
                                         Des Moines, Iowa 50309
                                         Telephone:
                                         Jesse.linebaugh@faegredrinker.com


                                         *Attorneys for Defendant Health Choice Now, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, thereby serving a copy on all counsel of record.

                                         */s/ Paul A. Rosenthal*

6