**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| **MONTWAIN CARTER, individual and on behalf of all other similarly situated**<br><br>  **Plaintiff,**<br><br>**v.**<br><br>**HEALTH INSURANCE KING AGENCY, LLC, ALVARADO MARKETING GROUP, INC, AND HEALTH CHOICE NOW, LLC**<br><br>  **Defendants.** | **NO. 3:25-cv-00005-SHL-WPK** |

**DEFENDANTS HEALTH INSURANCE KING AGENCY, LLC AND ALVARADO MARKETING GROUP, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS HEALTH INSURANCE KING AGENCY, LLC AND ALVARADO MARKETING GROUP, INC.'S MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiff's original allegation in January 2025 was that an employee of Health Insurance King Agency, LLC (**HIK**) initiated phone calls to him in Iowa in violation of the Telephone Consumer Protection Act. Plaintiff's testimony of receiving such phone calls—despite the conflicting evidence presented by HIK—was the basis for the Court denying HIK's previous motion to dismiss.

But by the time the Court issued that order in July 2025, it was already apparent to Plaintiff's counsel that there was too much evidence—including call records, audio recordings, and documents—contradicting the assertion that HIK had initiated any of the calls.

Plaintiff's currently pleading no longer asserts that HIK initiated the call.

In addition, Plaintiff's shifted its focus to discovery of other parties involvement in the calls and information about any agency relationship HIK to those parties, including third party discovery of the defendants Plaintiff has added to this suit. The problem for Plaintiff is that those efforts failed. Despite Plaintiff's discovery efforts, Plaintiff has no evidence that is sufficient for a prima facia agency relationship under federal case law.

One consequence of that lack of evidence is that Plaintiff does not have sufficient evidence to support personal jurisdiction over HIK or Alvarado Marketing Group, Inc. They are Texas entities with no legally sufficient connection to Iowa to support this Court's personal jurisdiction over them. Plaintiff's entire opposition to the motion to dismiss is essentially a request that the Court ignore the lack of evidence and relevant personal jurisdiction law. The Court should not do so. Instead, the Court should follow the substantial line of authority rejecting allegations of personal jurisdiction based on agency theories that are not supported by evidence.

## II.   ARGUMENTS AND AUTHORITIES

**A. Plaintiff ignored the material distinction between HIK initiating a call and another party initiating a call for personal jurisdiction purposes.**

Plaintiff claims that the allegations and evidence in relation to this motion are materially indistinguishable from HIK's original motion to dismiss because of the consistent "inference that Reese, HIK's Iowa-licensed employee, placed or answered a call soliciting HIK's Insurance."

(Pl.'s Opposition, Dkt. # 65 at 5-6.) But Plaintiff's citation to this Court's order does not support this contention. The Court's order was based on Plaintiff's allegation and evidence sufficient to support that Reese initiated a call to Plaintiff and was acting as HIK's agent in doing so. (Order, Dkt. # 29 at 5.) Indeed, this Court's ruling distinguished that situation from the many cases dismissing defendants based on personal jurisdiction where the phone calls were indisputably made by a third party. (*Id.* at 6.)

The significance of allegations and evidence of who initiated the call for personal jurisdiction purposes is understandable. The fundamental due process inquiry under personal jurisdiction law is whether a defendant "purposely availed" itself of the benefits and protections of the forum state. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594–95 (8th Cir. 2011). As a result, a tort arising from a defendant's purposeful direction of a phone call to a forum state is sufficient to support purposeful availment. *See, e.g., DeWitt v. Trinity Logistics, Inc.*, No. 4:25-CV-00560-O-BP, 2026 WL 229994, at *6 (N.D. Tex. Jan. 5, 2026), report and recommendation adopted*, No. 4:25-CV-00560-O-BP, 2026 WL 228775* (N.D. Tex. Jan. 28, 2026). On the other hand, a defendant's receipt of multiple communications initiated by others in the forum state are not sufficient to support purposeful availment. *See, e.g, Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 433–34 (5th Cir. 2014).

Case law from courts in the 8th Circuit is consistent with these principles. For example, a district court in Nebraska dismissed a suit against an out-of-state defendant because a suit arising from the defendant's receiving one mailing, opening it, and returning it to the

plaintiff was not sufficient purposeful availment of the benefits and protections of Nebraska. *Stanko v. Multnomah Cnty. Jail*, No. 7:16CV5002, 2016 WL 4742240, at \*1–2 (D. Neb. Aug. 29, 2016), *report and recommendation adopted*, No. 7:16-CV-5002, 2016 WL 4742245 (D. Neb. Sept. 12, 2016).

Under personal jurisdiction law, receiving a phone call initiated by someone else—regardless of who that someone else is—is materially different from initiating a phone call. The latter will support personal jurisdiction while the former will not.

## B. Plaintiff failed to present any evidence supporting its assertions of agency based on actual authority, apparent authority, or ratification.

Plaintiff asserts that it is entitled to rely upon its "well-pleaded"[1] allegations in response to this motion. (Pl.'s Opposition, Dkt. # 65 at 5-6.) But this is not true. Absent an evidentiary hearing or trial, this Court should rely upon evidence to decide the motion similar to the evidence it would rely upon for summary judgment. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). The court must determine whether the evidence could lead a reasonable factfinder to conclude that personal jurisdiction exists. *Id.* at 980. Plaintiff has the burden of proving both the fact of the agency relationship and the scope of the agent's authority. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 985 (8th Cir. 2004).

There are cases providing guidance on what evidence is sufficient to meet this standard in relation to an alleged TCPA violation. In *Gunn*

---

[1] Most of Plaintiff's allegations on these agency issues are conclusory, rather than well-pleaded. But whether those conclusory allegations would be sufficient under a 12(b)(6) standard is irrelevant because pleadings are not evidence.

*v. Prospects DM, LLC*, the contract between PDM—the entity that placed the calls—and ICOT gave ICOT the right to approve scripts and allowed PDM to communicate on ICOT's behalf in certain circumstances. *Gunn v. Prospects DM, LLC*, No. 4:19CV3129 HEA, 2020 WL 2104714, at *2–3 (E.D. Mo. May 1, 2020). In addition, the plaintiff offered an affidavit stating that he had complained to ICOT about PDM's unauthorized calls. *Id. Gunn* concluded that such evidence was sufficient to create a fact issue on apparent authority, which would support personal jurisdiction. *Id.*

But, Plaintiff has no such evidence here either for apparent authority, actual authority, or ratification. The declaration from Plaintiff cannot help with any of these issues because Plaintiff

- could not have knowledge about any actual agency relationship;
- has not offered testimony to any facts on apparent authority; and
-  has not offered any testimony that would support ratification.

Plaintiff lacks this evidence despite Plaintiff being permitted to obtain discovery about its agency theories numerous months before amending its pleading to add new defendants.[2]

### C. The contracts between Health Choice Now and Alvarado and Alvarado and HIK are not legally sufficient evidence on any agency theory.

Plaintiff claims that the contracts between some of the defendants in this case are sufficient to make a prima facia case for agency. (Pl.'s Opposition, Dkt. # 65 at 10.) But this simply is not true. To reach a contrary conclusion, Plaintiff reinterprets the contract, including taking language out of context and ignoring contractual

---

[2] This effectively gave Plaintiff the opportunity to do discovery relevant to both liability and personal jurisdiction long before the motion to dismiss was filed.

language inconsistent with its assertions. But the gloss Plaintiff's counsel puts on a contract is not evidence. And even Plaintiff's "evidence" of the contracts is deficient. Plaintiff does not cite specific provisions of the contracts to support its assertions but merely cites its pleaded assertions relating to the contracts (which are not evidence).

And there simply is no basis to conclude that the contract documents would be sufficient, standing alone, to establish agency. Indeed, that is precisely what the district court held in *Day v. Renny. Day v. Renny*, No. 8:20CV104, 2020 WL 13002519, at *3 (D. Neb. July 24, 2020). *Day* held that the contract permitting National Care to sell vehicle service contracts of the Matrix Defendants was not sufficient, by itself, to establish a prima facia case for agency. *Id.*

It is certainly possible for contracts that have language expressly making one entity the agent for another entity to be sufficient, standing alone, to establish a prima facie case for agency. But most contracts are not so explicit and those are not the type of contracts in this case. Notably, Plaintiff cannot identify any case where agency liability was established solely based a contract like the contracts in this case. On the other hand, HIK and Alvarado have pointed this Court to a substantial number of federal cases dismissing defendants based a lack of evidence to support agency theories. That is true even though every one of those cases involved contracts between dismissed defendants and the defendant that made the call, indicating that these types of contracts are not alone sufficient prima facia evidence of agency.

HIK and Alvardo do not dispute that agency can be a fact issue. But that does not mean that a contract, by itself, generally is sufficient to create such a fact issue. Other evidence of actual control will generally

be required. It is easy to understand why. Most parties to contracts are not agents for each other, but merely independent contracting partis. If contractual terms allowing a customer certain specifications or choices were enough to create an agency relationship—as Plaintiff asserts—then no contracting party could ever receive summary judgment (or dismissal based on lack of jurisdiction) based on the lack of evidence of agency because the contract could always be "interpreted" in the manner urged by Plaintiff.

There is no evidence that HIK ever exercised sufficient control over Alvarado (or had the right to do so) or that Alvarado ever exercised sufficient control over Health Choice Now (or had the right to do so). And there certainly is no evidence that HIK—who did not even have a contractual relationship with Health Choice Now—had any control over Health Choice Now.

## D. Plaintiff failed to properly consider jurisdictionally relevant facts among individual defendants.

The Supreme Court long ago made clear that facts and evidence supporting personal jurisdiction must be evaluated on a defendant-by-defendant basis. *Rush v. Savchuk*, 444 U.S. 320, 331–33 (1980). Or stated differently: it is unconstitutional to aggregate the forum contracts of defending parties together in determining personal jurisdiction. *Id.* The parties relationships with each other may be significant in evaluating each defendant's ties to the forum. *Id.* But the focus must be on an individual defendant's intentional contacts with a forum, rather than on the contacts made by another defendant or a plaintiff. *Id.*

Plaintiff has violated the instructions in *Rush* in a rather unusual way. Rather than pretend each of the Defendants and their actions were

done by the same entity, Plaintiff ignores the existence and involvement of one defendant when evaluating others, preventing a proper contextual focus on a specific defendant's contacts with a forum. Health Choice Now is the entity alleged to have made the call to Iowa that supports jurisdiction.[3] So, Plaintiff must present evidence of an agency relationship through which this contact with the forum could be attributed to HIK or Alvarado. But Plaintiff fails to do so. For example, it would be incredibly difficult—even theoretically—to logically explain the existence of any control by HIK over Health Choice Now given that they never even interacted with each other and did not even have a contractual relationship. So, when Plaintiff discusses alleged agency liability, it does not even mention Health Choice Now. In some instances, Plaintiff focuses exclusively on HIK and Alvarado without even acknowledging the need to connect them to conduct of Health Choice Now. (Pl.'s Opposition, Dkt. # 65 at 10.) In another, Plaintiff mentions only the actions of HIK and its employee, as if HIK could somehow be an agent of itself. (*Id.* at 12.)

But Plaintiff's burden is to establish an agency relationship between HIK or Alvarado and Health Choice Now that is sufficient to attribute placing the call to HIK or Alvarado. It fails to do so. The only time that Health Choice Now is mentioned is in arguments about "sub-agency," but even there Plaintiff fails to point the Court to any supporting evidence. (Pl.'s Opposition, Dkt. # 65 at 14.) It is not enough to discuss law relating to the potential to establish "subagency" liability

---

[3] Plaintiff also alleged that Alvarado may have made the call, but there is no evidence to support that assertion and substantial evidence disputing it. Indeed, Plaintiff could not and did not provide evidence that Alvarado made the call because he never even heard of Alvarado.

or liability for statutory agency broader than the common law. Plaintiff has to present *evidence* sufficient for a prima facie case of agency liability making HIK or Alvarado liable for calls allegedly placed by Health Choice Now under one of these theories. Plaintiff has no such evidence, so it does not even try to do so, glossing over the issue.

## III.   CONCLUSION AND PRAYER

Based on the pleadings, evidence and argument detailed above and in HIK and Alvarado's motion, there is no basis for personal jurisdiction over Defendants HIK or Alvarado. Therefore, HIK and Alvarado request that this Court dismiss the lawsuit against them.

Respectfully submitted,

**SPENCER FANE LLP**

By: */s/ Brian W. Zimmerman*
Brian W. Zimmerman
(Admitted *Pro Hac Vice*)
bzimmerman@spencerfane.com
Nicholas J. Reisch
(Admitted *Pro Hac Vice*)
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Phone: (713) 552-1234
nreisch@spencerfane.com

Tara E. Holterhaus, AT0013780
Spencer Fane LLP
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Phone: (402) 501-6770
tholterhaus@spencerfane.com
**ATTORNEYS FOR DEFENDANTS HEALTH INSURANCE KING AGENCY, LLC AND ALVARADO MARKETING GROUP, INC.**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing to be served upon all counsel of record via electronic case filing procedures on June 9, 2026.

*/s/ Brian W. Zimmerman*
Brian W. Zimmerman